## WILLETT WILSON v. JOHN CLARK.

### Decided March 3, 1904.

**1.—Pleading—Sale of Land—Agent.**

Evidence considered and petition held to show a good cause of action on an oral agreement providing that a real estate dealer should be paid a commission for securing purchasers for a tract of land, where such purchasers were found and showed a willingness and ability to purchase upon the terms agreed upon between the owner and the agent.

**2.—Same—Written Contract—Option—Parol Evidence.**

The agent negotiating a sale of land for the owner was not bound by the terms of a contract in writing between such owner and the purchaser found by him in relation to the proposed sale; though it secured for the purchaser a mere option, on payment of earnest money, and did not bind the purchaser to take the land, such agent, in a suit to recover his commissions from the owner, could show that the purchaser was willing and able to take the land on the terms at which the owner authorized him to sell.

**3.—Land Agent—Expense of Abstracts.**

In the absence of an agreement by an agent negotiating a sale of land for the owner to pay for abstracts of title required on such sale, he may recover from the owner, in addition to his commissions, the expense incurred in procuring such abstracts.

Appeal from the District Court of Calhoun. Tried below before Hon. James C. Wilson.

*Davidson & Bailey,* for appellant.

*Proctors,* for appellee.

GARRETT, CHIEF JUSTICE.—Willett Wilson brought this suit against John Clark to recover the sum of $2175 as 2½ per cent commissions on the price of a body of land belonging to the defendant for which the plaintiff alleged he, as the agent of defendant, had procured purchasers. Demurrers to the petition were sustained by the trial court and judgment was rendered in favor of the defendant. The petition alleged an oral agreement made November 1, 1902, by which the defendant requested the plaintiff, and the plaintiff undertook, to find a purchaser or purchasers for 8700 acres of land belonging to the defendant within a reasonable time at $10 per acre upon a commission of 2½ per cent to be paid when such purchasers were found or when the sale was made. That the plaintiff sold the land to I. P. Kibbe, Levi Paul and J. H. Dawson at the sum of $10 per acre to be paid one-third cash when a survey had been made and the title approved by the attorneys of Kibbe and his associates, the balance to be paid in five years if desired by said Kibbe and associates in equal annual installments with 7 per cent interest, and the right reserved to pay the deferred installments at any time. That Kibbe and his associates paid the defendant $500 as earnest money on said sale with the understanding that it should be applied as a part of the purchase money, but in the event the title to the lands should not be approved by Kibbe and associates or their attorneys within a reasonable time said sum was to

be returned; and that the defendant executed his receipt for said earnest money which was marked exhibit A and attached to the petition as follows:

"The State of Texas, County of Calhoun. This is to certify that I have this day received of I. P. Kibbe, for account of himself and associates, $500 earnest money on the purchase from me of my ranch lands situate in Calhoun and Victoria counties, consisting of about 9200 acres of land, be the same more or less. Said amount to be applied on cash payment of purchase price, when abstracts are approved and title accepted by the attorneys for said Kibbe and associates; it being expressly understood that there is excepted in the sale of the above mentioned lands that portion of same on which the improvements and homestead of said John Clark is situated, including about five hundred acres of land. The said above described land I agree to sell to said Kibbe and associates at $10 per acre for actual number of acres to be conveyed, upon the following terms, to say: one-third cash when survey of land has been made and title has been approved by said Kibbe and associates' attorneys, the balance to be paid in five years, if desired by said Kibbe and associates, in equal annual installments; said deferred payments to bear interest from date of execution and delivery of good and sufficient deeds with warranty of title and possession, at the rate of 7 per cent per annum from date until paid, it being understood that said Kibbe and associates are to have the right to take up and cash the said deferred payments at any time they may elect to do so. And it is further agreed that said earnest money is to be returned to said Kibbe and associates in the event title to said lands should not be approved by their attorneys, and same can not be perfected within a reasonable length of time. Dated this 8th day of February, 1902. (Signed) John Clark."

The plaintiff further alleged that the said defendant John Clark, in utter disregard of his said contract as aforesaid for the sale of the above described 8700 acres of land to the said I. P. Kibbe, Levi Paul and J. H. Dawson, who were ready, willing and able to take said land for the sum of $87,000 and to pay for it as by them stipulated, refused and failed, and still refuses and fails, to comply with the said sale of the same made by him through this plaintiff, his duly authorized agent for the sale of the said land which has been made in pursuance of the said verbal contract of the date of the 1st day of November, 1901, which said contract he ratified in the execution of said earnest receipt marked exhibit A, and by various and sundry acts before and since said time; and did again on the 26th of May, 1902, settle with the said I. P. Kibbe, Levi Paul and J. H. Dawson all damages sustained by them on account of the failure on the part of the said defendant, John Clark, to execute said deeds for said lands as aforesaid, and did fail and refuse to carry out said sale. A copy of which said agreement of settlement between the said I. P. Kibbe, Levi Paul and J. H. Dawson is hereto attached, marked exhibit B and made a part of this petition. Then followed aver-

ments of liability to pay the commissions and indebtedness, etc., on the part of the defendant. Exhibit B purported to be the settlement of a controversy between the defendant and Kibbe and his associates of the liability of the defendant, which was not admitted by him but denied upon "an option. contract" for the purchase of said lands which was identified as exhibit A above set out. There were further allegations. asserting the liability of the defendant to the plaintiff for making and procuring abstracts of the title to the several tracts of land composing the body to be sold, which the plaintiff alleged was reasonably worth the sum of $325, making a total alleged indebtedness of $2500, for which the plaintiff prayed judgment. In addition to the general demurrer the defendant presented ten special demurrers to the petition. The trial court sustained three of the special demurrers, but overruled the. general demurrer and the other special demurrers. The defendant has made cross-assignments of error upon the action of the court in over-ruling five of his special demurrers.

An agreement to pay commissions to a real estate agent to procure a purchaser for land upon terms given need not be in writing to bind the owner of the land when the agent procures a person who is ready, willing and able to make the purchase upon the terms proposed though no sale is effected. Conklin v. Krakauer, 70 Texas, 735; Brackenridge v. Claridge, 91 Texas, 530. The petition alleges that the plaintiff procured Kibbe and his associates as purchasers of the land and agreed upon terms of sale to them which were satisfactory to the defendant, and that they were ready, willing and able to comply with the terms of sale and take the land when the same should be surveyed and the title shown to be satisfactory, but that the defendant failed and refused to comply with the sale. It is an implied condition in such contracts for the purchase of lands that the title should be perfect. The petition therefore showed a good cause of action unless, as contended by the defendant, the written receipt executed by Clark embodied the entire agreement of Kibbe and his associates to purchase the land, and must control all other averments of the petition to show that they were ready, willing and able to do so; that it is void and wholly insufficient to constitute a contract of sale for the want of mutuality; and that at most it was only an option to purchase based on acceptance and performance by Kibbe and his associates, and the petition wholly failed to allege any acceptance of said instrument and also failed to allege any performance on the part of Kibbe and his associates. It is immaterial whether the receipt is an instrument of which specific performance may be enforced. It undertakes to set out the very terms of the sale which the plaintiff was authorized to make and is a ratification thereof by the defendant. Its terms would not be varied by parol evidence that the purchasers were ready, willing and able to take the land when the title had been passed on as satisfactory; and allegations of the petition were sufficient as to acceptance and performance. In the case of Brackenridge v. Claridge, supra, there was a pure option and the parties did not then

agree to buy the land, the sale to be consummated when the titles should be found perfect, but only took an option to do so. In the case under consideration the purchase is agreed upon and the purchasers are ready and able to carry it out as soon as the title shall have been passed on as satisfactory. The petition does not rest the plaintiff's right to recover upon the procurement of the agreement, but upon the proposed purchase as evidenced by the agreement with which Kibbe and his associates were ready, willing and able to comply. This averment of willingness, readiness and ability to purchase is not a mere conclusion of the pleader. The fact could not have been alleged in apter words. They will be referred to the terms of the sale and could mean nothing else than a willingness to buy and a readiness to do so with ability to pay the purchase money and execute the notes whenever the title was shown to be perfect. It can not be contended from any proper construction of the agreement that Kibbe and his associates were to have the land surveyed. It is immaterial whether there was a consideration to support a valid option to purchase, since the petition averred that the intending purchasers would accept the offer. The facts shown by exhibit B were properly alleged to show an insistence by Kibbe and his associates upon their right to purchase in accordance with the terms of the agreement. None of the cross-assignments is well taken. The pleading setting up the item for the furnishing of the abstracts of title was improperly stricken out. There is nothing in the petition to show that the preparation and furnishing of abstracts were included in the plaintiff's obligation to find a purchaser for the land. The court erred in sustaining the exceptions to the petition, for which error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*