WILLIAMS v. ATKINSON.   (No. 1546.)

(Court of Civil Appeals of Texas.  Amarillo.
May 14, 1919.  Rehearing Denied
June 18, 1919.)

1. BROKERS ⬅82(1)—ACTIONS FOR COMMIS-
SION—PETITION.

Where it is alleged that the seller actually
sold the premises to a purchaser with whom
the broker was negotiating upon specified
terms, it is not necessary to allege that the
proposed purchaser was ready, able, and will-
ing to buy.

2. BROKERS ⬅61(1) — COMMISSIONS —
RIGHT TO.

Where a broker, has brought the seller and
purchaser together who have agreed on terms
and price, if title is good, the broker is entitled
to his commissions, though the sale is not ef-
fected because of a defect in the title.

3. BROKERS ⬅61(1)—COMMISSIONS—IMPLIED
CONDITIONS.

There is an implied condition in a contract,
where a broker procures a purchaser with
whom the owner agrees on terms of sale, that
title shall be perfect, and, where it is not per-
fect and the purchaser for that reason refuses
to accept the premises, the broker cannot be
denied recovery on that ground.

4. PLEADING ⬅34(7) — PRESUMPTION — AT-
TACK ON APPEAL.

Where a petition is the first time attacked
in the appellate court on grounds which could
have been raised by general demurrer, every
reasonable presumption will be indulged in
favor of the sufficiency of the petition.

5. BROKERS ⬅82(1)—ACTIONS FOR COMMIS-
SION—PETITION—SUFFICIENCY.

In an action by a broker for commissions
for services rendered in sale of lands, petition,
alleging that the broker procured a purchaser
who agreed to purchase and entered into writ-
ten contract, etc., and took possession of the
premises, and that the broker was the efficient
procuring cause, *held* sufficient to support a
judgment in the broker's favor.

Error from Dallam County Court; J. E.
Moore, Judge.

Action by George F. Atkinson against Carl
Williams.  Judgment for plaintiff, and de-
fendant brings error.  Affirmed.

Tatum & Strong, of Dalhart, for plaintiff
in error.

Bailey & Richards, of Dalhart, for defend-
ant in error.

HALL, J.  Defendant in error, Atkinson,
a real estate broker, sued Carl Williams, to
recover commissions alleged to be due him
for services rendered plaintiff in error in the
sale of certain lands belonging to the latter,
which it was alleged were sold to one Ran-
dolph.   The petition alleges that the land
described therein and certain personal prop-

erty was listed with him by defendant for
sale upon certain terms, with instructions to
find a purchaser upon such terms; the plain-
tiff then and there agreeing to pay him a
commission of 5 per cent. on the gross
amount of the sale price.  It is further al-
leged that the plaintiff secured one Leonard
Randolph, "who agreed to purchase the said
lands, premises, and improvements, and who
did enter into a written contract with the
said defendant to purchase the same upon the
terms and conditions named by defendant
and upon terms and conditions satisfactory
to the defendant, and that a sale of said
lands, premises, and improvements was made
and consummated by and between said Ran-
dolph and the defendant, and the said Ran-
dolph paid to the defendant thereon about
$2,000 in cash and undertook to pay the bal-
ance of the cash payment when certain re-
quirements with reference to the title had
been met and took possession of said prem-
ises and has ever since been in possession
thereof, and has made a crop thereon during
the present year."  In the next paragraph
the petition sets out the terms of the sale,
and in the paragraph following alleges:

"That plaintiff was the efficient and procuring
cause of the sale that was made; that he
found the said purchaser and placed him in
communication with the defendant and pursu-
ant thereto said parties negotiated and con-
summated said trade," etc.

A trial resulted in a judgment for plain-
tiff for the full amount of the commissions,
less $50 paid and credited thereon.

[1-5] Under the first assignment, it is in-
sisted that the petition is insufficient to sup-
port the verdict and judgment, in that it
fails to allege. that plaintiff procured the
execution of a valid and enforceable con-
tract, or that the person so found was
ready, willing, and able to fully complete
the sale and pay the purchase price.  We
think the allegations are sufficient to show
that plaintiff procured the purchaser, and
that a sale was made upon terms and condi-
tions satisfactory to the defendant, even
though the allegations be construed to be in-
sufficient to show a sale upon the terms speci-
fied in the listing contract.  Where it is al-
leged that the seller actually sold the prem-
ises to a purchaser with whom the broker
was negotiating upon specified terms, it is
not necessary for the petition to allege that
the proposed purchaser was able, ready,
and willing to buy.  Pierce v. Nichols, 50
Tex. Civ. App. 443, 110 S. W. 206.  The pe-
tition does not in any sense declare upon
an option contract, but alleges in plain terms
that a sale was made by and between Ran-
dolph and defendant.  It is true that the
allegations further show that Randolph
paid only $2,000 and undertook to pay the

balance when certain requirements with reference to the title had been met. The rule is settled in this state by a multitude of decisions that, if the sale should not be consummated because of a defect in the title, it will not defeat the broker's right to his commissions. If he has brought the seller and purchaser together who have agreed upon terms and prices, if the title is good, the broker is entitled to his commissions, although the sale is never effected because of a defect in the title. Breckenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593. It is an implied condition in a contract where the broker procures a purchaser, with whom the owner agrees upon the terms of sale satisfactory to both, that the title shall be perfect. Wilson v. Clark, 35 Tex. Civ. App. 92, 79 S. W. 649. And the allegations here are sufficient to show a completed sale conditioned upon a perfect title. It is not necessary for plaintiff to allege that the requirements as to title can be met. In Levy v. Dunken Realty Co., 179 S. W. 679, it is said:

"The rule seems to be well settled that where a real estate broker has contracted for a certain compensation for procuring a customer to purchase on certain terms and conditions, and he procures a purchaser who agrees to purchase under modified terms and conditions differing from those the agent has authorized by his principal to make, and such terms, as modified, are agreed to by the owner of the property, by his entering into a written contract of sale, embodying the modified terms and conditions, with the purchaser, the broker is entitled to his commission as stipulated in his contract of agency."

The pleading does not show that an unenforceable contract was entered into. There is no statement of facts in the record, and we must presume that the evidence was sufficient to show the right to recover under the allegations. The questions raised by the assignments are in a sense technical, going only to the sufficiency of the pleadings, and are in effect such questions as might have been urged by a general demurrer. Indulging every reasonable presumption in favor of the sufficiency of the petition, we think the assignments should be overruled. Nor was it necessary for plaintiff to allege that a binding contract had been entered into between defendant and Randolph. His right to recover did not depend upon the existence of such contract. As was said in Loomis v. Broaddus & Leavell, 134 S. W. 743:

"It was, however, in so far as it affected plaintiffs, immaterial what construction was placed upon such contract. They [plaintiffs] having brought the parties [seller and purchaser] together, and, they having made a contract in terms to suit themselves, its construction was a matter between defendants and Dyer, and was a matter of no concern to the appellees. As to whether there was such a mutual mistake, as to the number of acres in the subject of the contract, as would render its enforcement against the appellant inequitable, was also a question between the parties to such contract, and, however determined, could not affect plaintiff's right to recover the commission they earned by bringing the parties together and their then agreeing upon a contract of sale upon terms satisfactory to themselves. Plaintiffs did not make nor induce the parties to make the contract in the terms it was written, and are in no way responsible for its consequences." Henderson & Grant v. Gilbert, 171 S. W. 304.

The judgment is affirmed.