**KEENER v. CLEVELAND et al.***
(No. 418–3779.)

(Commission of Appeals of Texas, Section A. April 18, 1923.)

**1. Brokers** ⬅️53—**Broker procuring cause when acceptable purchaser produced and owner consummated sale.**

The broker is the procuring cause of sale, and so entitled to agreed commission, when instrumental in bringing together the seller and a purchaser acceptable to him, and they consummate a sale and purchase on terms satisfactory to them.

**2. Brokers** ⬅️54—**Purchaser accepted need not be shown ready, willing, and able to buy.**

Where the seller accepts the purchaser tendered, the broker need not show the purchaser was ready, willing, and able to buy.

**3. Brokers** ⬅️57(2)—**Right to commission not affected by owner changing terms to purchaser.**

The broker procuring a purchaser is none the less entitled to his commission though the owner prosecuting the negotiations himself directly makes a sale to him, satisfactory to himself, on terms or for a price other than limited to the broker.

**4. Brokers** ⬅️55(2)—**Right to commissions unaffected by other broker assisting owner and purchaser in consummating.**

Right to commission of a broker producing a purchaser is unaffected by another broker assisting the owner and purchaser in consummating the sale; no other agreement being consummated than that made when the first broker brought the parties together, but there being a mere change in details when the parties met to close them up and execute the formal papers.

**5. Costs** ⬅️42(1)—**Not allowable to owner wrongfully withholding commission from broker because of claim asserted by another.**

A broker being entitled to his commissions as the procuring cause of the sale, attorney's fee and costs may not be allowed to the owner, who withholds the compensation, and seeks to take the position of a stakeholder, simply because another broker who assisted in consummating the sale asserts some claim to the compensation.

**6. Interest** ⬅️66—**Must be demanded by pleading seeking broker's commission.**

A broker is entitled to interest only from date of his judgment for commission; he by his pleading making no demand for interest, and his general allegation of damages not including interest.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by W. H. Keener against J. D. Smoot and another. From the judgment J. C. Cleveland, the other defendant, appealed to the Court of Civil Appeals, which reversed and rendered judgment (239 S. W. 663), and plaintiff and defendant Smoot bring error. Reformed and affirmed.

Y. W. Holmes, of Comanche, for plaintiff in error Keener.

J. P. Graham, of Comanche, for plaintiff in error Smoot.

Callaway & Callaway, of Comanche, for defendants in error.

GERMAN, J. W. H. Keener sued J. D. Smoot in the district court of Comanche county, Tex., to recover a commission on the sale of an oil and gas lease by Smoot to the American Profit Sharing Company, represented in the purchase by I. S. Broyles. Keener made C. J. Cleveland a party defendant, alleging that he was also asserting claim to the commission. Smoot answered to the effect that he had listed the lease with both Keener and Cleveland, that the sale had been made, and acknowledged his obligation to pay the commission, with request that the court determine who was entitled to same. Cleveland by cross-action and intervention sued Smoot for the entire commission, claiming that he was the efficient and procuring cause of the sale.

The case was submitted to the jury on a general charge, which permitted a verdict upon three propositions as follows:

(1) A verdict for Keener if it was found that he was the procuring cause of the sale.

(2) A verdict for Cleveland if it was found that he was the procuring cause of the sale.

(3) A verdict awarding to Keener and Cleveland each one-half of the commission if it was found that they both were the efficient cause of the sale.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied May 30, 1923.

The verdict of the jury gave Smoot $100 as an attorney's fee, and divided the balance of the commission equally between Keener and Cleveland. Judgment was entered accordingly, and Cleveland appealed. The Court of Civil Appeals at Fort Worth reversed and rendered the judgment in favor of Cleveland for the full amount of the commission, with interest from the date of the sale, denying Smoot attorney's fees as against Cleveland, and remanded the cause as to the claims of Keener. 239 S. W. 663.

Upon the findings of fact made by the Court of Civil Appeals, and which are not in dispute, as to the transaction between Smoot and Cleveland, we are of the opinion that the judgment of the Court of Civil Appeals should be affirmed. As establishing the right of Cleveland to recover as against Smoot, the facts, briefly, are these: Smoot listed the lease with Cleveland, agreeing to allow a commission of 5 per cent. if he found a purchaser. On April 16, 1920, Smoot and Cleveland were together at Rising Star, when Cleveland stated that he had a purchaser for the lease, and introduced Smoot to Broyles, who was representing the American Profit Sharing Company. The three went together to Cleveland's office, where the trade was discussed, and the details of the contract agreed upon. Cleveland made a memorandum of the agreement, which was given to Broyles. This was on Saturday, and Broyles was given until Monday to close the trade. Smoot went back to Comanche, where he resided, and on April 17th Broyles wired Smoot that the proposition was accepted, and it would be closed Monday. On returning to Comanche, Smoot advised Keener of what had been done, there having been some negotiations between the two prior to that date. On Monday Broyles went to Comanche, and was met by Keener. Either at the request of Smoot, or on the assumption that their prior negotiations authorized him to do so, Keener assisted Smoot in consummating the trade, and the contract was signed about 9 o'clock that night. The contract as concluded was substantially the same as made between Smoot and Broyles on Saturday, when Cleveland was present, the parties agreeing upon some details that were not definitely determined at the first meeting. By the contract Smoot assigned the lease to the American Profit Sharing Company, which had been represented by Broyles, and the full consideration of $35,000 was paid, according to the terms of the agreement.

[1] In our opinion the fact that Keener may have materially assisted Smoot and Broyles in consummating the sale in no manner affects Cleveland's right to receive the compensation due him. The rule is well established that, when a real estate broker is instrumental in bringing together the seller and a purchaser who is acceptable to him, and they consummate a sale and purchase of property on terms that are satisfactory to the seller, this constitutes the agent the procuring cause of the sale, and he is entitled to the commission agreed upon.

In Ruling Case Law, book 4, p. 320, we find the following:

"The general rule deducible from the decisions upon the question would seem to be that, if there is nothing peculiar in the contract of employment, it is not necessary that the broker should negotiate the sale; when he has found, or procured, or if he has introduced, or given the name of, a purchaser who is able, ready, and willing to purchase the property upon the terms named by the principal and the principal has entered into negotiations with such purchaser, and concluded a sale with him; and in such cases the broker has performed his contract and is entitled to his commissions."

[2] This is the summary of an extended note found at pages 612 and 613, 44 L. R. A., where many decisions are cited. And where the seller accepts the purchaser tendered, it is not necessary to show that he was ready, willing, and able to buy. Graves v. Bains, 78 Tex. 92, 14 S. W. 256; Waurika Oil Ass'n v. Ellis (Tex. Civ. App.) 232 S. W. 366; Williams v. Atkinson (Tex. Civ. App.) 214 S. W. 504; Varn v. Moeller (Tex. Civ. App.) 216 S. W. 234.

[3] There is no difference where the seller, in prosecuting the negotiations himself, concludes the sale on different terms and for a less price; the rule being that the broker is entitled to his compensation according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale on terms satisfactory to himself, though for a less amount than that to which the broker was limited. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Webb v. Harding (Tex. Com. App.) 211 S. W. 927.

[4] Nor does it affect the right of the broker to receive his commission when he has been instrumental in procuring a purchaser if the transaction is finally consummated through the efforts of another agent. We again refer to Ruling Case Law for the general rule:

"In the absence of an express contract to the contrary, a broker can lay no claim to commissions upon a transaction negotiated without his aid through the efforts of another; but, where his services, as well as those of another broker, have contributed conjointly to the successful termination of the negotiations in question a different problem arises, the solution of which depends upon whose efforts were the primary, proximate, and procuring cause of the deal negotiated. If the success of the transaction is directly attributable to the broker originally employed, his right to the commission cannot be defeated by the mere fact that the negotiations were conducted, or the transaction finally consummated, through the medium of another broker, even though the terms

of the first negotiations may have been varied." Book 4, R. C. L. p. 319.

The following authorities support this proposition: Masters v. Hunt (Tex. Civ. App.) 197 S. W. 219; Shelton v. Cain (Tex. Civ. App.) 136 S. W. 1155 (writ denied); Shaw v. Faires (Tex. Civ. App.) 165 S. W. 501; Hutson v. Stone (S. C.) 112 S. E. 39; Beougher v. Clark, 81 Kan. 250, 106 Pac. 39, 27 L. R. A. (N. S.) 198; Jennings v. Trummer, 52 Or. 149, 96 Pac. 874, 23 L. R. A. (N. S.) 164, 132 Am. St. Rep. 680.

This decision is not in conflict with Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586. That case applies the rule that, where land is listed with more than one agent, one of whom begins negotiations with a prospective buyer, but concludes no binding agreement, and later another agent begins negotiations with the same buyer, who abandons the prior negotiations, and a sale results by reason of the efforts of the last agent, if the seller maintains an attitude of neutrality, there can be but one recovery, and the agent who actually concludes the sale is the one entitled to the compensation. In that case Chief Justice Willson made the test for the decision of the case in this language:

"Within the knowledge of the owner at the time, was the sale consummated on terms agreed upon between the buyer and the broker who brought the parties together; or was it consummated on other terms as the result of negotiations between another broker and the buyer, and after the latter had abandoned the contract made by him with the other broker?"

Here it is not pretended that there was any agreement consummated other than the one made at the time Cleveland brought the parties together. Although some of the details of the trade were changed, yet it was the same contract made in Cleveland's office, and the only purpose of the meeting of the parties at Comanche on Monday was to close up the details and execute the formal papers. It is not contended that Smoot or Broyles abandoned the agreement made through Cleveland, and that new negotiations were begun through Keener, but it is undisputed that Smoot and Broyles merely carried forward the negotiations, in pursuance of the agreement made while Cleveland was present, and that Keener rendered assistance in the final consummation of the contract. It may be admitted that the services of Keener were valuable to Smoot, but this does not in any way limit his liability to Cleveland; for, as was said by the Supreme Court of South Carolina in a very recent decision (Hutson v. Stone, supra):

"The broker will be regarded the procuring cause, if his intervention is the foundation upon which the negotiation resulting in the sale is begun."

[5] Tested by the rules of law we have announced, the facts show conclusively that Cleveland was the efficient and procuring cause of the sale made by Smoot of the oil lease. The evidence is not contradicted as to what took place between him and Smoot and Broyles, nor as to the consummation of the trade by Smoot and Broyles. The only uncertainty that arises is with reference to what Keener contributed in the way of concluding the transaction. This raises no issue as to the liability of Smoot to Cleveland. The Court of Civil Appeals was, under the facts and the law, authorized to reverse and render judgment in favor of Cleveland for the commission claimed by him. Having performed the services required of him, and which constituted him the procuring cause of the sale, Smoot had no right to withhold the compensation due him simply because Keener was asserting some claim thereto. He was in no sense a stakeholder, but is in the position of having taken advantage of the services of Cleveland and having also accepted the services of Keener to aid in consummating the contract made through Cleveland. Upon the general principle of good faith and strict neutrality on the part of the owner between rival agents, Smoot cannot limit his liability to Cleveland because he may perchance be liable to Keener for services rendered by him. Hutson v. Stone, supra. The trial court was therefore not authorized to allow him an attorney's fee and costs.

This decision is not intended to affect the right of Keener to proceed against Smoot for the recovery of such compensation for his services in the matter as he may be able to show himself entitled to. It may be on another trial he can show such state of facts as would entitle him to recover; but we are not required to determine upon what theory he shall proceed. The Court of Civil Appeals was right in reversing and remanding the case as to him.

[6] In his cross-action and intervention Cleveland made no demand for interest, and his general allegation of damages did not include interest. He was therefore only entitled to recover interest from the date of the judgment in the district court. The judgment of the Court of Civil Appeals should be modified so as to award interest from that date only.

We therefore recommend that, with the modification above suggested, the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reformed as recommended by the Commission of Appeals, and as reformed it is affirmed.