## WEISS v. GAINES.
### No. 2672.

Court of Civil Appeals of Texas. El Paso.
May 26, 1932.

Rehearing Denied June 16, 1932.

W. P. Donalson, of Dallas, for appellant.
Louis Wilson, of Dallas, for appellee.

WALTHALL, J.

This case presents a suit by R. G. Gaines, a broker, against Martin Weiss for a commission for making sale of property.

In February, 1923, Martin Weiss owned a laundry in the city of Dallas, consisting of washing machines, compressors, mangles, boilers, engines, delivery trucks, and other attachments, and was carrying on the laundry business under the name of Lakeside Laundry & Cleaning Company, a corporation; Weiss being sole owner.

Gaines alleged that in February, 1923, Weiss employed him to find a purchaser for said property, and agreed to pay him for finding a purchaser and making a sale for the stipulated "sum of $4,000.00, which was equal to 10% of the total amount of the purchase price, as brokerage and as compensation for the services hereinbefore alleged," the commission to be due and payable when the purchaser had paid the entire amount of the purchase price. The suit is for the said sum, less $250 paid.

Gaines alleges that in February, 1923, he advised Weiss that he had a purchaser in view who would purchase the laundry, and discussed with Weiss certain property the purchaser had, and the terms of payment, not material to this statement; the total purchase price for said laundry being $40,000.

Gaines alleges that he did find purchasers for said laundry, stock, and equipment in the persons of H. Gendel and M. Weinstein, and to whom Weiss sold said laundry, stock, and equipment, for the total purchase price of $40,000, upon terms and time of payment satisfactory to Weiss, and that on August 2, 1929, the entire balance of said purchase money for said property was paid off and satisfied.

Gaines' original petition was filed on November 4, 1929, and amendments thereto and trial amendment filed subsequently thereto.

Weiss answered by demurrer, general denial, the two-year statute of limitation, the statute of frauds (Rev. St. 1925, art. 3995), specially denied that Gaines was the efficient and procuring cause of the sale of said property; that, if Gaines negotiated with Gendel, it was voluntary and without Weiss' knowledge or consent. Weiss further specially answered that he was the owner of sixty shares of the capital stock of the Lakeside Laundry & Cleaning Company, a corporation; that about said time he became acquainted with M. Weinstein, and that he and Weinstein discussed and entered into negotiations for the sale and purchase of certain of the stock of said laundry; that Weinstein introduced to him H. Gendel, and that it was through Weinstein and no other person that he met Gendel; that Weinstein and Gendel purchased of him thirty shares each of said capital stock; that at no time prior to, during, or subsequent to said introduction of the parties or the negotiations did he (Gaines) claim to act for him (Weiss) and that he never knew that Gaines was claiming to have so acted, or was claiming a commission until shortly before the filing of this suit.

On special issues submitted the jury found:

(1) Martin Weiss engaged R. G. Gaines to sell the laundry for the sum of $40,000 on terms agreeable to Weiss, at an agreed commission of 10 per cent.

(2) R. G. Gaines, acting under such authority, procured a buyer, ready, able, and willing to buy said property for such sum on terms agreeable to Martin Weiss.

(3) R. G. Gaines was the efficient and procuring cause of bringing Weiss, Gendel, and Weinstein together for the purpose of the selling by Weiss and the buying by Gendel and Weinstein of the property in question at a price of $40,000.

(4) Weiss and Gaines made an agreement by which Gaines would not be entitled to the commission until the consideration for the property had been paid in full.

The court entered judgment on the verdict, in favor of Gaines for the unpaid balance of the commission from the date it was due and interest thereon, amounting in the aggregate to the sum of $4,108.75, from which judgment Weiss duly prosecutes this appeal.

## Opinion.

Appellant submits error to the giving of charge No. 1. The contention is made that appellee did not plead that he was to sell any property on terms agreeable to appellant for an agreed commission of 10 per cent., but expressly pleaded that he was to sell specific property, viz. the physical property and equipment and stock of the corporation for $40,000, and for which he was to receive the fixed sum of $4,000 as commission.

■ We do not concur in appellant's interpretation of appellee's pleading. The petition states that said Lakeside Laundry & Cleaning Company consisted of certain properties, specifying it; that appellant was desirous of selling it; that he employed appellee to find a purchaser, and agreed to pay him for finding such purchaser and making said sale a stipulated amount as thereafter alleged; that appellee advised appellant that he knew of such purchase, and stated his means for making weekly payments and his means of securing any unpaid balance, and that appellant proposed to appellee that he would sell the stock and laundry equipment upon terms and conditions which would be satisfactory, stating such terms "to be further agreed upon between the seller and the purchaser satisfactory to said defendant"; that at the request of appellant he went to work to secure said purchaser which would be satisfactory to appellant, and that he did find such purchaser in the person of Gendel, and in his trial amendment added the name of Weinstein; that thereafter appellant, acting in his own behalf, effected a sale of said properties, with the purchasers procured by appellee. The pleading, we think, is sufficient to justify the submission of the issue.

■ Appellant submits error in submitting issue No. 2, insisting that to entitle appellee to recover he must do so on terms pleaded by him; that is, if we understand the proposition, on the terms upon which he could make sale of the property. The pleading is sufficient, we think, to tender the issue.

■ The question, as we view it, has often been before the courts. Weiss had the right to require of Gaines that a purchaser be presented who would purchase upon the exact terms agreed upon, and to have refused a sale upon any terms other than those proposed by him to Gaines. But when a purchaser, ready, able, and willing to buy is presented to the seller, and the seller directly makes a sale upon terms satisfactory to himself, as alleged, though different from the terms limited to the broker, the rule invoked by appellant does not apply, and the broker is entitled to the commission according to the contract. Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117, 118; Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Loomis v. Broaddus & Leavell (Tex. Civ. App.) 134 S. W. 743;

Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884.

■ What we have said above applies to appellant's fourth proposition claiming error in the court's refusal to submit appellant's special issue No. 4. The rule is well settled that, where the broker has found the purchaser, and the owner in person makes the sale to such purchaser on terms satisfactory to himself, he thereby waives the terms to which the broker was confined, and such terms thereafter become immaterial.

Gaines, in the transaction, was dealing with Weiss in selling the stock and laundry property, and in fixing the commission to be paid. The value of the property Weiss was selling was fixed at $40,000, and the commission to be paid was fixed on that valuation. Weiss sold the property to Gendel and Weinstein for $40,000, and received that much for the property he sold.

■ This suit is against Weiss. Neither Gendel, Weinstein, nor the corporation is complaining of anything connected with the transaction. We do not think Weiss can. His conduct in making the sale is an assertion of ownership in himself of all that he sold, and he received the consideration for what he sold. The jury's findings settle the facts, if supported by the evidence.

■ The commission was to become due and payable as and when the purchaser had paid and satisfied the entire amount of the purchase price of the property sold. As between Weiss and Gaines, the agreement to pay a commission was oral. It stipulated between Weiss and Gaines that the commission was not to be paid within the space of one year from the making of the agreement for commissions; and would not be obnoxious to the statute of frauds.

The contract that determines the question of contravening the statute of frauds is that entered into between Weiss and Gaines, and not the sale contract subsequently made by Weiss with the purchaser of the property.

Under the pleading and evidence, the commission becoming payable when the consideration for the property was fully paid, and the suit having been filed within two years after the consideration was paid, the suit was not barred by the two-year statute of limitation (Rev. St. 1925, art. 5526), as pleaded.

■ Appellee's cause of action having been submitted upon the alleged contract for a commission of 10 per cent. and a recovery had thereon, and not upon the alternative plea of quantum meruit, reversible error is not made to appear in overruling appellant's exception directed against appellee's cause of action based upon a quantum meruit.

The court submitted Issue No. 1, as follows: "Do you find from the evidence that the defendant, Martin Weiss, engaged the plaintiff, R. G. Gaines, to sell the laundry for the sum of $40,000.00 on terms agreeable to Weiss, at an agreed commission of 10%? Answer this question yes or no."

By the second issue the court submitted to the jury to find whether Gaines, "acting under such authority," procured a buyer, etc. The jury answered "Yes" to each question.

Appellant answered by general denial, and specially denied that he, at any time, directly or indirectly authorized or contracted with appellee to negotiate for the sale of said property.

Weiss testified: "I never did employ Mr. Gaines to sell the laundry or any part of the laundry for me, at any time."

Appellant submitted and requested the following special issue be given to the jury: "Do you believe from a preponderance of the evidence that the procuring of a purchaser by plaintiff, if you find he did procure a purchaser for the laundry property in question, was authorized by defendant?"

The court refused the charge, and appellant assigns error.

■ Considering the above two charges, the question presented is, Was the issue of Gaines' employment by Weiss to find a purchaser authorized by Weiss sufficiently presented to the jury? We have concluded that it was.

Appellant's special issue No. 2 tendered an evidentiary fact, and it was not error to refuse to give the charge.

In submitting to the jury the question whether Gaines was "the efficient and procuring cause" in bringing the seller and buyer together, the court defined the term "efficient and procuring cause" as used to mean "any act or series of acts set in motion by the efforts of Gaines, if any, which, continuing in an unbroken claim from their inception, produces the result of bringing the parties together, and continuing until the final consummation thereof."

■ The term is not technical, requiring a definition. St. Louis S. W. Ry. Co. of Texas v. Reed (Tex. Civ. App.) 185 S. W. 1025; Panhandle & S. F. Ry. Co. v. Reynolds (Tex. Civ. App.) 33 S.W.(2d) 249; Lumsden v. Jones (Tex. Civ. App.) 227 S. W. 358, 360.

We need not discuss, under the proposition, whether the charge was a correct definition of the term.

Appellant's bill of exception shows: The pivotal issue being sharply conflicting and their determination depending mainly upon the testimony of the plaintiff and the defendant, the defendant's appearance and speech being conclusive of his (Jewish) race, plaintiff's counsel in addressing the jury in argument used the following expressions: "The defendant is trying to cheat the plaintiff out of his commission." "You (the jury) have got to

believe somebody who has faith in the Almighty."

"I, (plaintiff's counsel) do not come before you because my client is a poor man"; "that defendant was going to have his pound of flesh"; "that defendant exacted his pound of flesh"; "plaintiff was as a rabbit fleeing from (defendant) a wolf"; "that he (plaintiff's counsel) wanted to win this case for his client more than any other case he ever tried, and then read each special issue to the jury and told how each should be considered by them, and the jury did answer each of the special issues in that manner."

The bill of exceptions states that the matters complained of "were not in response to or prompted by any conduct, statement, or remarks on the part of defendant's counsel," and that to each seasonable objections were made as being inflammatory and prejudicial. On the question of misconduct of the jury each of the jurymen were questioned as to whether anything was said in the jury room as to Weiss being a rich man and Gaines being a poor man. Two of the jurors said such remarks were made, others said they did not hear such remarks, and others said no such remarks were made. The trial court overruled the motion for a new trial based on the charge of misconduct of the jury. We think no error is shown to the action of the trial court on misconduct of jury. The question remains as to the action of the trial court on the motion for a new trial, on the remarks of counsel in argument.

There is nothing in the record to indicate that the verdict was influenced by the remarks of counsel. The findings of the jury are well sustained by the evidence. Counsel had the right, we think, to apply the evidence to each issue submitted, and to reason therefrom what the answer on the issue should be; the exception does not state that counsel advised or told the jury what the effect of such answer would be on the judgment. We need not discuss severally each remark of counsel complained of. The proposition should be overruled, we think, unless we should hold that some one or all of the remarks, regardless of any probable prejudicial effect on the verdict, but as a matter of law, or as violative of rule 39, which requires that counsel shall be required to confine argument strictly to the evidence and argument of opposing counsel, the proposition should be sustained. It is true that, in Shakespeare's "Merchant of Venice," the character Shylock, a revengeful, merciless, Jewish money lender, who attempts to exact the forfeit of a pound of flesh from Antonio's body, is created, but it has long since been observed the world over that the Shylocks are not confined to Jewish money lenders, and that the expression "a pound of flesh" has long since lost its original racial applica-

tion and has become a common expression applied to any person, regardless of race, who asks what a Portia would not allow.

As we view it, there is no word in the remarks complained of which necessarily refer to the race of either, or which should create a race prejudice in the minds of the jurors.

We do not mean to say that we commend the references complained of in the argument, we do not; the argument is not strictly confined to the evidence. We hold only that in our opinion reversible error is not shown.

We do not concur in appellant's contention that the record shows misconduct of the jury.

Finding no reversible error, the case is affirmed.