## COFFEE et al. v. BLAIR.

### No. 2756.

Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1932.

Rehearing Denied Jan. 5, 1933.

E. O. Northcutt, of Amarillo, and Eckford & McMahon, of Dallas, for appellants.

C. C. Huff, G. H. Penland, and Pope & Irion, all of Dallas, for appellee.

HIGGINS, J.

This is a suit by Glenn Coffee and W. G. Word against Wiley Blair to recover a broker's commission for services alleged to have been rendered in effecting the sale of a ranch owned by Blair to the W. T. Waggoner estate, of Fort Worth.

At the conclusion of the plaintiff's evidence, the defendant moved for an instructed verdict, which was granted.

Briefly stated, the evidence shows: Coffee is a real estate broker residing in Amarillo. Word is also a real estate broker residing in Clarendon, Tex. Blair resides in Dallas. Blair listed the land for sale with Coffee at a certain price per acre, agreeing to pay a 5 per cent. commission in case of sale. Coffee, with the consent of Blair, enlisted the aid of Word, agreeing to divide the commission with Word.

Ray McMurry was an office employee of the Waggoner estate in Fort Worth. W. T. Waggoner was the trustee of that estate. The record discloses that Waggoner, in real estate purchases, always declined to negotiate with agents, and insisted upon dealing directly with the owners. Of this fact Blair was advised.

On June 13, 1930, McMurry wrote Word that Waggoner desired to secure, by lease or purchase, a ranch of 150,000 or 200,000 acres. He requested Word to give him information as to where a lease or purchase of this kind could be found. Word wrote McMurry concerning the Blair ranch, and the information in regard thereto was communicated by McMurry to Waggoner. The ranch was inspected by representatives of the Waggoner estate, and it appears that negotiations were had between Blair and the estate, but, for some reason not disclosed by the evidence, the negotiations ceased, and about January 3, 1931, Blair wrote Coffee advising the deal with Waggoner was off; that the next move must come from Waggoner, and "I would not want you or anyone else to broach the subject to him again." Coffee so advised Word, and thereafter they had no further negotiation with any representative of the Waggoner estate. In some way, which the evidence does not disclose, negotiations were later resumed between Blair and the Waggoner estate, resulting in sale of the ranch on June 29, 1931, at a less price per acre than it had been listed with Coffee.

The controlling question is whether the evidence is sufficient to show, prima facie, that plaintiffs were the procuring cause of the sale. If so, it follows the motion for an instructed verdict was improperly granted.

In Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151, 152, it was said: "The rule is well established that, when a real estate broker is instrumental in bringing together the seller and a purchaser who is acceptable to him, and they consummate a sale and purchase of property on terms that are satisfactory to the seller, this constitutes the agent the procuring cause of the sale, and he is entitled to the commission agreed upon."

In Edmonson v. Tinsley (Tex. Civ. App.) 15 S.W.(2d) 118, 120, it was said: "If as a matter of fact a broker produces a purchaser who is ready, able, and willing to, and who does, buy on terms satisfactory to the owner, he is entitled to his commission, although the owner and the purchaser may temporarily break off negotiations with reference thereto. Neither is it necessary for the acts of the agent to keep up negotiations until the trade is finally consummated. If the agent brings the parties together and they then, independent of the acts of the agent, continue negotiations until the trade is consummated, he is as a matter of law the procuring cause." See, also, 4 R. C. L. Title

Brokers, §§ 46, 57, and 58; 7 Tex. Jur. Title Brokers, §§ 79 and 85; Masters v. Hunt (Tex. Civ. App.) 197 S. W. 219.

■ The facts show that plaintiffs, through the inquiry of McMurry, became advised that Waggoner was in the market for a ranch and advised Blair thereof; that Blair then negotiated with Waggoner, and eventually sold the ranch to the estate which Waggoner represented. The purchaser was found, and the transaction originated by plaintiffs in this manner, and these facts were plainly sufficient to show prima facie that the plaintiff's efforts were the procuring cause of the sale finally consummated. Especially is this true in view of the fact that it was always contemplated Blair would conduct the negotiation personally with Waggoner because of the latter's aversion to real estate brokers and his insistence in all instances of dealing directly with the proposed seller.

■ Appellee invokes that line of authority to the effect that, if the efforts of the broker are ineffective, and he abandons further efforts, and the owner later, by independent effort, effects a sale, then the broker cannot justly be regarded as the procuring cause of the sale and has no claim for commission. Goodwin v. Gunter, 109 Tex. 56, 61, 185 S. W. 295, 195 S. W. 848.

But this doctrine has no present application, for the record is silent as to the circumstances under which, and the time when, Blair resumed negotiations with Waggoner and of the negotiation which finally brought about the sale.

■ The facts show prima facie that plaintiffs were the procuring cause of the sale, and the burden was then shifted to the defendant of going forward with the evidence; rebutting the prima facie case made by plaintiffs, and showing that the negotiation was resumed and the sale finally consummated under circumstances which render applicable the doctrine relied upon by appellee. This he did not do, and it would be but conjecture and surmise to assume that the negotiations with Waggoner were resumed by Blair and the sale finally effected by Blair's independent effort.

Reversed and remanded.