## STROBLE v. TEARL.
### No. 9746.

Court of Civil Appeals of Texas. Austin.
Jan. 12, 1949.

McKay & Avery, of Austin, for appellant.

John D. Cofer, of Austin, for appellee.

ARCHER, Chief Justice.

This is a suit brought by O. F. Tearl, a broker, against J. L. Stroble to recover a commission on the consideration paid and to be paid by Dr. A. Wayne Hodges for the lease of The Texan Cafe from the defendant, J. L. Stroble, for the reasonable value of plaintiff's service as the procuring cause of such leasing of the said cafe.

The case was tried before a jury and resulted in a verdict on special issues in favor of plaintiff for $1,460, and based on this finding a judgment for a like amount was in due course rendered in favor of plaintiff and against defendant, and from this judgment and orders therein the defendant has prosecuted his appeal to this court.

In support of his appeal he has brought forward and assigned as error nine points.

Assignment No. One is that the case should be reversed because it was for commission for the sale or purchase of real estate, and that there being no sufficient

promise or agreement in writing signed by Stroble upon which the action could be maintained, that it fell within the provisions of Art. 6573a, Sec. 22 of Vernon's Annotated Civil Statutes, Acts 1939, 46th Legislature, page 560.

Since this suit is not one for the sale or purchase of real estate, but for reasonable value of plaintiff's service in the leasing of defendant's Texan Cafe to Dr. A. Wayne Hodges and did not include the leasehold on the premises, such being retained by defendant Stroble, and the cafe, business, fixtures, good will, etc., were leased to Hodges, we conclude therefore that Art. 6573a, Sec. 22, is not applicable, and Point No. 1 is overruled.

In reply to Special Issue No. 1: "Do you find from a preponderance of the evidence that the defendant J. L. Stroble listed the Texan Cafe with plaintiff for sale on or about the 20th of September, 1946?" the jury answered, "Yes."

This finding of the jury finds reasonable support in the record.

The plaintiff testified that he had been in the real estate business for about ten years; that he had a license under the Real Estate Brokers Act, and had one for the years 1946 and 1947; that he had known defendant Stroble for five or six years; that he talked with Stroble in September 1946; that they discussed the disposal of the Texan Cafe for some time; that Stroble listed the cafe for sale and agreed to pay a commission of 5%; that later Tearl submitted the cafe to Dr. Hodges and wrote Hodges a letter after submitting the letter and two memoranda to Stroble; subsequently Mr. Stroble and Dr. Hodges made a lease contract for the Texan Cafe, with all furniture and equipment, on terms agreeable to them.

Keener v. Cleveland, Tex.Com.App., 250 S.W. 151; Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295; Coffee v. Blair, Tex. Civ.App., 55 S.W.2d 910; Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, and other cases cited; 12 C.J.S., Brokers, § 86b, pages 196, 197.

The jury further, in reply to Special Issue No. 2 reading as follows: "Do you find from a preponderance of the evidence that plaintiff, O. F. Tearl, was the procuring cause of the lease of said premises by defendant, J. L. Stroble, to Dr. A. Wayne Hodges?" answered, "Yes."

Here again the jury's finding finds reasonable support in the record, as reflected by the evidence as is herein above substantially set out. Keener v. Cleveland, Tex.Com.App., 250 S.W. 151; Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295; Dickinson v. Sanders, Tex.Civ.App., 39 S.W.2d 102; Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776, and other cases cited therein; 7 Tex.Jur., Sec. 79, p. 476.

No complaint is made as to the amount of the judgment, and the jury arrived at this amount from a consideration of the facts and under the instruction of the court to consider the value of plaintiff's service as the procuring cause of said lease, disregarding the sums which the defendant would be required to pay on the leasehold; and the verdict is not disturbed.

We do not think that there was error in the admission of Exhibits 5, 6 and 7; consisting of a telegram from Theo. Byargeon to O. F. Tearl, telegram from O. F. Tearl to Theo. Byargeon, another telegram from Tearl to Byargeon; all such wires were shown to Stroble, as is reflected by the testimony of Tearl and of Stroble himself. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916; Buhrmester v. Independent Plumbing & Heating Supply Co., Mo.App., 151 S.W.2d 509; 20 Am.Jur., Sec. 958, p. 807.

We do not think that the refusal of the court to submit defendant's requested issue: "Do you find from a preponderance of the evidence that subsequent to the listing for lease and rental, if any by defendant, J. L. Stroble, of his cafe property with plaintiff, O. F. Tearl, plaintiff Tearl then made an effort to effect a lease and rental of such cafe property to Dr. A. Wayne Hodges prior to consummation of the lease agreement between defendant and the said Dr. Hodges? Answer 'Yes' or 'No.'"—And defendant's requested Special Issue reading: "Do you find from a preponderance of the evidence

that during the period alleged in plaintiff's petition, defendant, J. L. Stroble, listed his cafe property with plaintiff, O. F. Tearl, for lease and rental? Answer 'Yes' or "No.'" constituted error.

Special Issue No. 1 as given by the court required the jury to find that a listing was made before the plaintiff could have recovered, and Special Issue No. 2 required the jury to make a favorable answer before the plaintiff could recover, and Special Issue No. 3, with the limiting instruction, presented the question in a sufficient manner. Dickinson v. Sanders, Tex.Civ.App., 39 S.W.2d 102; Bowser v. Field et al., Tex.Sup., 17 S.W. 45; Weiss v. Gaines, Tex.Civ.App., 51 S.W.2d 428.

The judgment of the trial court is affirmed.

Affirmed.