This is a suit for damages instituted by Mrs. M. L. Hays against appellant, alleged to have arisen through the death of her son, R. S. Hays, who was run over and killed by the cars of appellant in the town of Pearsall, Texas. Appellant pleaded assumed risk and contributory negligence on the part of deceased. A trial by jury resulted in a verdict and judgment for appellee in the sum of $6,000.
R. S. Hays, a young man about 22 years of age, was a brakeman in the employ of appellant, and, in discharge of his duty, went in front of a train consisting of a locomotive and four cars that was slowly backing at the rate of about two miles an hour. When crossing the track about 8 or 9 feet from the nearest car, his foot caught in an unblocked guard rail and held him fast. He at once gave the signal with his hands for the emergency stop, and screamed and called so that he was heard by a number of citizens on a business street two hundred feet away. Persons near the track saw the signals and heard the cries of deceased and joined with him in signaling and calling to the persons on the engine, but they gave no heed to the signals and screams of distress and the train knocked deceased down and ran over him and he continued to scream until the fourth car was passing over him when its wheels crushed the life out of him. The train was stopped when the wheels of the tender of the locomotive were at or near the body. The employes on the train knew the deceased was at the front of the backing train and it was their duty to be constantly on the lookout. The evidence shows that the engineer or fireman heard the cries and saw the signals made by the persons near the track, and instead of stopping the train leaned far out and looked along the track. When an effort was made to stop the train it was done in less distance than two feet. The evidence clearly established negligence on the part of the employes which caused the death of R. S. Hays. That the evidence established negligence is not questioned by appellant in its brief.
The following charge given by the court is attacked through the medium of the first assignment of error: "If you believe from the evidence that on or about the 23d day of August, 1901, R. S. Hays was in the employ of the defendant as a brakeman on one of its freight trains, and that, on said date the said R. S. Hays was in the discharge of his duty in the yards of defendant in the town of Pearsall, and that, while in the discharge of his duty, if he was in the discharge of his duty, his foot became fastened between a rail in the defendant's track and a guard rail, which was unblocked, as alleged in plaintiff's petition, and if *Page 465 
you further believe from the evidence that he was held in this position, and unable to extricate himself, as alleged in plaintiff's petition; and that, while in this position, defendant's cars ran upon and over him and caused his death, and if you further believe from the evidence that while the said R. S. Hays' foot was caught, if it was caught, defendant's cars were being backed slowly towards him, and that the said R. S. Hays called and signaled to the defendant's employes, who were in charge of its locomotive to stop said train, in such a manner as to be observable to said employes, and if you further believe from the evidence that any such signals, if any were given, were given in time for the defendant's employes, in charge of its locomotive, to have stopped the train and to have averted the injury and death of the said R. S. Hays, and that, if said signals, if any were given, had been received and acted upon by defendant's servants in charge of said locomotive, said train could have been stopped in time to have averted the injury and death of the said R. S. Hays, and if you further believe from the evidence that defendant's employes in charge of its locomotive, negligently failed to observe and act upon said signals, if any were given, and that such negligence, if any, directly caused the injury and death of the said R. S. Hays, and if you further believe from the evidence that the said R. S. Hays was the son of the plaintiff, Mrs. M. L. Hays, and that she sustained pecuniary damage by reason of his death, and if you further believe from the evidence that R. S. Hays was not guilty of contributory negligence and did not assume the risk, then I charge you that your verdict must be for the plaintiff."
The charge is criticized in the first proposition on the ground that "it imposes upon the employes of defendant the duty of seeing signals and obeying them, if the said signals wereobservable to said employes, while the law governing the duty of the master and servant only imposes upon the said employes in charge of said locomotive the duty of exercising ordinary care to see and obey said signals." In the latter part of the criticized charge the jury was instructed not only that, in order to find for appellee, they must find that the signals were observable, that is discernible or capable of being seen, but they must also find that appellant "negligently failed to observe and act upon said signals." Couched in other words the instruction would have been that if the signals were given in a place where they would have been seen by the employes and they negligently failed to see them and act on them, appellant was liable. The charge is correct, when read, as it should be in connection with the special charges requested by appellant and given by the court. The special charges are as follows:
"The plaintiff can not recover in this suit unless you believe from the evidence, not only that the defendant was guilty of negligence, but that such negligence, if any, was the proximate cause of the death of plaintiff's son; therefore, if you believe from the evidence that plaintiff's son was run over and killed, but you further believe that he would have been run over and killed by a portion of the train, even if the fireman and engineer had been exercising ordinary care to discover signals and stop the train, you will find for the defendant, even though you may also *Page 466 
believe that the engineer or fireman should have discovered the signals sooner and stopped the train sooner than they did stop it.
"The plaintiff can not recover in any amount in this suit unless it is shown by a preponderance of the evidence that the defendant was guilty of negligence which was the proximate cause of the death of plaintiff's son, and the burden of proof of such negligence is upon the plaintiff."
"The plaintiff can not recover anything in this suit if the deceased R. S. Hays, was guilty of any negligence which contributed to his death, even though you may believe that the defendant was also guilty of negligence; therefore, if you believe from the evidence that the deceased, R. S. Hays, was guilty of negligence in going upon the track of defendant, and in walking thereon at the time and in the manner in which he did go thereon, if you find that he did go upon and walk upon said track, and that such negligence, if any, contributed to or was the proximate cause of his injury, then you must find for defendant, unless you further find that the engineer or fireman failed to use ordinary care to discover Hays in his position of peril, in time to have stopped the train before it ran upon him, and afterward failed to use all the means at hand to stop the train and prevent the train from running upon him.
"If you believe from the evidence that neither the brakeman, Hays, or defendant was guilty of the negligence charged against each other in the pleadings, but that the killing of the said Hays resulted from an accident incident to the business or employment, you will find for the defendant.
"The employes of a railroad company are only required to use ordinary care in the prosecution of their work, and ordinary care is such care as a person of ordinary prudence would use under the same or similar circumstances, and if you find from the evidence that the employes of defendant upon the engine were exercising ordinary care at the time plaintiff's son was killed, then plaintiff is not entitled to recover, and your verdict should be for the defendant."
The case was not submitted on the theory of discovered peril at all, and of course there is no merit in the contention that the court assumed that the employes knew of the peril. The charge proceeded on the theory that the employes did not discover the peril of deceased, and instructs the jury to find against appellant if they were negligent in not discovering the peril and using the proper means to avert the danger. The negligence is predicated upon the failure to observe and act on the signals.
Through the second assignment of error appellant objects to the charge wherein the court told the jury: "The law of the case you should receive from the charge of the court and be governed thereby." Appellant seems to think that excluded consideration of its requested charges, but we think not. They were parts of the charge given by the court, and we do not believe a jury would be led by the language used to think that they should not consider the special charges. The identical question was raised in the case of International G. N. Ry. v. Muschamp, 90 S.W. Rep., 706, and was decided by the Court of Civil Appeals of the Third District adversely to the contention of appellant, and a writ of error was refused by the Supreme Court. The jury were presumedly *Page 467 
men of average intelligence, and doubtless understood that the court was not excluding any special charges given by him, but was guarding them from any propositions that might come from any other source than from the court.
We do not think a verdict for $6,000 is excessive under the facts of this case. Deceased was about 22 years of age when killed and was earning from $50 to $100, most of which sums were given to his mother who was 54 years old. The young man's expenses were from $10 to $12 per month. No reason is offered in support of the proposition that the verdict is excessive. The judgment is affirmed.
Affirmed.
Writ of error refused.