## CRAWFORD v. BEAVER–ELECTRA REFINING CO., Inc.   (No. 2486.)

(Court of Civil Appeals of Texas. Amarillo. May 13, 1925. Rehearing Denied June 17, 1925.)

1. **Appeal and error** 1010(1)—**Findings and judgment sustained where there is evidence in record to sustain them.**

Reviewing tribunal is required to sustain findings and judgments of trial court where there is evidence in record tending to sustain them.

2. **Appeal and error** 1008(1)—**Trial court's findings entitled to as much consideration as jury's verdict.**

Findings of fact made by trial court are entitled to as much consideration as verdict of a jury.

3. **Appeal and error** 1010(1)—**Trial court's findings of fact not reversed by appellate court where there is some evidence to support them.**

Findings of fact made by trial court will not be reversed by appellate court where there is some evidence to support them, even though appellate court may have reached a different conclusion from evidence, and evidence preponderates in favor of losing party.

Appeal from Wichita County Court; Guy Rogers, judge.

Action by the Beaver-Electra Refining Company, Inc., against Less J. Crawford. Judgment for plaintiff, and defendant appeals. Affirmed.

Yarbrough & Tipton, of Electra, for appellant.

Bill Williams, of Electra, for appellee.

RANDOLPH, J. Appellee, as plaintiff, instituted this suit against Less J. Crawford, as defendant, upon an open account in the sum of $256.16, the value of one carload of fuel oil, alleged to have been sold and delivered by appellee to appellant. Appellant answered by general demurrer and general denial. The case was tried before the court, without the intervention of a jury, and judgment was there rendered for the plaintiff, and the defendant has appealed to this court. The trial court filed his findings of fact and conclusions of law. The findings of fact are as follows:

"The plaintiff corporation was engaged, among other things, in the sale of oil in carload lots, and theretofore had sold some oil to the Keystone Petroleum Company, a joint stock association, of which the defendant, Less J. Crawford, was a member. The credit standing of the company was no longer good with plaintiff, and it was the desire of Mr. Crawford, who was in charge of the association's drilling, to obtain the carload of oil. He authorized Ed Yarbrough to purchase for his account this carload of oil, agreeing to pay therefor within a reasonable

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time, and to pay the freight charges thereon. Pursuant thereto the oil was shipped, received, and used under the direction of Less J. Crawford.

"One Clois L. Greene, also a member of the joint stock association, had some accumulated oil runs in the lines of plaintiff, concerning which he dealt with Mr. Crawford inter se, by which it was arranged that the carload shipment of oil would be paid out of this fund."

Upon these findings of fact the trial court concluded, as matter of law, as follows:

"The court concludes that since no revocation was made of the contract of purchase and sale between the plaintiff and defendant, and since the liability of Clois L. Greene was collateral thereto and surety therefor, that the defendant continued liable thereon.

"Mr. Greene, in October, 1921, was the creditor of plaintiff herein to the amount of $115, and the plaintiff herein held for his account $255; the plaintiff applied the $255 first to the $115, leaving a balance of $140, which they applied on the account sued on, and which is deducted by this court from the account sued on, which otherwise is found by the court to be just, true, and correct."

The appellant attacks these findings and judgment upon the following ground: That there is no evidence to support such findings, but that, on the contrary, the evidence conclusively shows that the appellant and appellee never consummated the contract of purchase and sale, but that a new contract of purchase and sale was made and entered into by appellee and one Clois L. Greene, whereby the car of fuel oil was sold and delivered to said Greene on the new contract; that appellee and said Greene entered into a new contract of purchase and sale involving the oil in question, in that appellee accepted said oil and extended the credit to him for said oil instead of Crawford, the appellant, and that the oil was not sold and delivered to appellant, and therefore he was not liable for it.

[1-3] The rule requires us to sustain the findings and judgment of the court where there is evidence in the record tending to sustain them. Sanborn et al. v. Gunter & Munson, 84 Tex. 283, 17 S. W. 117, 20 S. W. 72. The findings of fact made by the court are entitled to as much consideration as the verdict of a jury, and it is well settled that such findings will not be reversed by the appellate court where there is some evidence to support them, even though the appellate court may have reached a different conclusion from the evidence. Tarrant County Agricultural Mechanical & Blooded Stock Association v. Kit, 10 Tex. Civ. App. 685, 31 S. W. 1080, 1081; Raysor v. Reid, 55 Tex. 266; Barnard v. Tarleton, 57 Tex. 402; Bird v. Pace, 26 Tex. 488; Sanders v. Rawlings (Tex. Civ. App.) 77 S. W. 41, 42 (writ

denied); Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748.

This holding is also applied to findings where it appears that the evidence preponderates in favor of the losing party. Texas, etc., Ry. Co. v. Lee, 32 Tex. Civ. App. 23, 74 S. W. 345 (writ denied).

We have gone over the statement of facts carefully, and find that there is evidence upon which the trial court could base his findings and judgment, and that while the evidence is conflicting, that it cannot be said that there is no evidence to support such findings. We therefore affirm the judgment of the trial court.