**THOMPSON v. GORDON et al. (No. 351.)**

(Court of Civil Appeals of Texas. Waco.
April 22, 1926. Rehearing Denied
May 20, 1926.)

1. **Evidence** ⊘⟿442(1)—**Written contract giving right to sell mineral rights, purporting to be complete expression of agreement, cannot be varied by contemporaneous parol agreement consciously omitted.**

Written contract giving defendant right to sell oil and mineral rights in land under certain conditions, purporting to be complete expression of entire agreement, cannot be changed by contemporaneous parol agreement consciously omitted, whereby defendant was not to sell mineral rights unless necessary to save himself from loss.

2. **Tenancy in common** ⊘⟿38(8)—**Evidence held to support finding that it was necessary for joint owner to convey one-half of mineral rights in order to sell land as authorized by contract with other joint owner.**

In action by joint owner to establish right to undivided one-half interest in minerals and royalties therefrom, the other one-half of which was alleged to have been wrongfully sold by defendant, who was authorized to sell part of mineral rights if necessary to save himself from loss, evidence *held* to support finding that it was necessary in order to sell land to convey one-half of mineral rights therein.

3. **Tenancy in common** ⊘⟿35—**Sale of land by joint owner together with one-half of mineral rights held binding in absence of fraud and within terms of contract authorizing sale of mineral rights, providing other joint owner's share should not be reduced to less than one-fourth of whole.**

Under contract authorizing defendant, a joint owner with plaintiff, to sell land on such terms as he deemed satisfactory, together with mineral rights, if necessary to save himself from loss, parties to share alike any loss sustained thereby, and providing that plaintiff's share should not be reduced to less than one-fourth of the whole, sale of land together with one-half of mineral rights *held* binding and within terms of contract in absence of fraud.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Maud Thompson against C. A. Gordon and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Lawrence Treadwell, of Corsicana, for appellant.

Richard & A. P. Mays and Davis, Jester & Tarver, all of Corsicana, for appellees.

GALLAGHER, C. J. The appellant, Mrs. Maud Thompson, and appellee, C. A. Gordon, were the joint owners of a tract of land consisting of 205 acres and situated in Navarro county. The legal title to said land stood in the name of Gordon alone. Said land was subject to an outstanding oil, gas, and mineral

lease. Appellant, through her agent and attorney in fact, approached appellee Gordon and proposed to sell her interest in the land to him or to buy his interest therein. They finally agreed that Gordon should purchase the appellant's half interest in the land, subject to the outstanding lease and the rights reserved to appellant by the contract hereinafter set out, for the sum of $4,800. Since the legal title was already in said Gordon and he was, so far as shown by the records, sole owner of the land, no deed was made by appellant conveying any interest therein to him. He, however, in pursuance of his agreement of purchase, executed and delivered to appellant promissory notes in the sum of $4,800 and secured the same by a deed of trust on said land. The validity and effect of this part of the transaction is not questioned in this case. At the same time and as a part of said transaction, the parties entered into a written contract concerning the oil, gas, and mineral rights in said land, which contract, omitting immaterial details, is as follows:

"Whereas, C. A. Gordon and Maud Thompson, a widow, both residents of said county and state, at this time own an undivided one-half (½) interest each of all of the oil and gas in and under a 205-acre tract of land, * * * which said oil, gas and mineral rights are subject to a mineral lease executed by the said Gordon and wife to Isaiah Leebove, * * * in which lease there is one-eighth (⅛) royalty contained and an annual rental of two hundred five and 00/100 ($205.00) dollars; and

"Whereas, the said C. A. Gordon has the right to sell the above-described tract of land, and desires an agreement in connection with the said mineral rights;

"It is therefore agreed by and between the said Thompson and Gordon as follows, to wit:

"First. That the said Thompson shall receive her one-half (½) of the rentals and royalties under the lease contract above mentioned so long as the said land is retained by the said Gordon and not sold by him.

"Second. That the said Gordon has the right to sell said tract of land at any time, and at such price, and on such terms as to him may seem satisfactory, and if it be necessary in such sale to sell with said land, or in part, the said oil, gas and mineral rights above mentioned, that then and in that event the said Thompson and the said Gordon will share and share alike the loss sustained by parting with the mineral rights, that is to say that should the said Gordon sell any fractional part of the mineral rights and royalties with said land, that the remaining fractional part retained by him shall be divided equally between the said Thompson and the said Gordon, share and share alike, provided, however, that in no event shall the said Thompson's interest in said oil, gas and mineral rights, rentals and royalties ever be reduced to a smaller proportion than an undivided one-fourth (¼) therein."

Said contract was executed on the 27th day of October, 1922, properly acknowledged by both parties thereto, and afterward duly re-

⊘⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

.corded. Gordon, on the 29th day of November, 1923, conveyed said land to one Allison, together with an undivided one-half interest in all the oil, gas, and other minerals in and under the same, subject only to said mineral lease, but providing that said Allison should be entitled to one-half of the one-eighth royalty reserved in said lease and to one-half of the annual rentals provided for therein. The consideration received for said conveyance was $100 per acre, or a total of $20,500. Subsequently said Gordon sold to the other appellees fractional interests in the minerals in and under said land, subject to said lease, and like interests in and to any royalties and rentals paid thereunder. The aggregate of the several interests so conveyed was less than one-fourth of the whole. Thereafter, the date not being shown by the record, appellant brought this suit against said Gordon and his vendees in said sales subsequent to his sale to said Allison, to establish her right to an undivided one-half interest in and to the minerals in and under said land, subject to said lease, and her right to one-half of all royalties and rentals paid thereunder, and to recover the same against all the appellees herein, and for a decree canceling the mineral deeds from said Gordon to said vendees, and in the alternative if the court should refuse to cancel said deeds, for judgment in her favor against Gordon for the consideration received by him for the execution and delivery of said deeds. She further prayed, in event she failed to secure the relief so prayed for, that she have judgment against said Gordon for the difference between what she received from' said Gordon for her half of said land and what he received from Allison therefor. Appellant based her claims to the relief sought on the ground that appellee Gordon sustained a fiduciary relation to her with reference to the mineral rights in said land; that the written contract hereinbefore set out did not express the entire contract between them; that in addition thereto, it was understood and agreed orally between them that said Gordon should sell a part of such mineral rights in said land and lease only in the event it became necessary to do so to save himself from loss, that is, to secure from such sale a sum sufficient to enable him to reimburse himself out of the proceeds of the sale of the half thereof acquired from her for the amount he paid her therefor; that it was not necessary to convey any mineral rights, or, at any rate, such amount of mineral rights as he did convey to said Allison to enable him to dispose of said land without such loss; that having made a profit in the sale of said land by reason of his conveyance of one-half the mineral rights therein, he should be held to have conveyed his half of such mineral rights to said Allison, leaving her one-half thereof intact and still vested in her, or that he should be required to account to her for one-half of the profits on such sale; and that his action in the premises was a breach of fiduciary duty and amounted to actual or constructive fraud. There was no allegation attacking the execution of said contract on the ground of fraud, accident, or mistake. As a basis for her right to recover against the appellees herein other than Gordon, she alleged that they all purchased with notice of her rights.

[1] There was a trial before the court. The court, after hearing evidence on the issues involved, rendered judgment for appellee Gordon and also for all the other appellees herein. Since they were all claiming under said Gordon, no discussion of the issues between them and appellant is necessary. The court recited in his judgment that he had considered the evidence in connection with the contract, and then held that said contract authorized the appellee Gordon to convey one-half the mineral rights in said land to effect the sale thereof to Allison, and that after such sale he and appellant each remained vested with an undivided one-half of the unsold portion of such mineral rights as provided by said contract. We think the court correctly held that the rights of the parties must be determined by the terms of the written contract. Appellant pleaded a contemporaneous parol agreement not embraced in the written contract, which her allegations showed was consciously if not intentionally omitted therefrom. The effect of the parol agreement so pleaded was not only to add to the written contract provisions not contained therein, but also to vary some of its express terms. A written contract purporting on its face a complete expression of the whole agreement cannot be so modified, changed, or extended by parol. Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883, 884, 885, pars. 1 to 4, and authorities there cited; Shear Co. v. Harrington (Tex. Civ. App.) 266 S. W. 554, 557, par. 1; Houghton v. American Trust & Savings Bank (Tex. Civ. App.) 247 S. W. 904, 905.

[2] There was evidence tending to show that drilling operations greatly interfered with the use of lands for agricultural purposes, and that for this reason purchasers of land incumbered with a mineral lease demanded a part of the mineral rights in said land to compensate them for the impaired use of the surface should such land become a producing oil field. There was evidence tending to show that appellee Gordon had tried to sell the land without any interest in the minerals, and that he had tried to sell the same with only a one-fourth interest in such minerals, but had failed to do so. The court found that it was necessary in order to sell the land to convey to Allison one-half of the mineral rights therein. There is evidence to support such finding, and we are bound thereby. Sanborn v. Gunter, 84 Tex. 273, 283, 17 S. W. 117,

·20 S. W. 72; Crawford v. Beaver-Electra Refining Co. (Tex. Civ. App.) 273 S. W. 892, 893, and authorities there cited.

[3] Appellee Gordon acquired the rights accorded him by said written contract for a valuable consideration. By the terms of said contract it was expressly stipulated he had "the right to sell said tract of land at any time and at such price and on such terms as to him may seem satisfactory." It was further stipulated that "if it be necessary in such sale to sell with said land or in part the said oil, gas and mineral rights above mentioned, that then in that event the said Thompson and the said Gordon will share and share alike the loss sustained by parting with the mineral rights, * * * that the remaining fractional part retained by him shall be divided equally between the said Thompson and the said Gordon share and share alike." There is nothing in the contract limiting this provision and the authority therein granted to a sale of the land at a less price per acre than paid by Gordon in purchasing appellant's interest therein. The stipulation that appellant's one-half of the unsold mineral rights should not be less than one-fourth of the whole indicates that it was in contemplation of the parties that it might be necessary to convey as much as one-half the mineral rights to effect a sale. The court found that there was no evidence of any fraud on the part of appellee Gordon in any of his transactions in connection with said land. Such being the case, and his action in the premises being within the very terms of his contract, appellant has no legal ground for complaint.

The judgment of the trial court is affirmed.