## CRUZ v. PERKINS. (No. 8278.)

Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1929.

Rehearing Denied Dec. 11, 1929.

Pope, Pope, Valdez & Pope, of Laredo, for appellant.

M. J. Raymond, of Laredo, for appellee.

COBBS, J. Appellee sued appellant to recover an alleged commission due him for the procurement of a purchaser of appellant's stock of merchandise. Appellee alleged that appellant approached him "with reference to procuring a purchaser for his stock of goods," and that he "began working and procured and brought together the purchaser and seller," and that it was through his instrumentality that defendant sold said stock of goods.

Appellant answered by general demurrer and general denial.

The case was tried by the court without a jury; and the court made and filed his finding of facts and conclusions of law. The court found that defendant, a merchant, listed his stock of goods with plaintiff, and authorized him to find a purchaser for said merchandise, and agreed to pay plaintiff a commission of 5 per cent. on the purchase price of the goods, and that the sale was actually consummated, and plaintiff was the procuring and efficient cause of finding a purchaser; that the sale was consummated for $25,000, which entitled plaintiff to 5 per cent. thereon, amounting to $1,250, for which judgment was entered in his favor.

This is a very simple case for a broker's commission, and upon that point the law is very well settled.

█ The court found every fact in favor of appellee, and, there being some evidence to support the same, we do not feel that we can set it aside. Though we may not feel so well satisfied with the findings as we should, still, the court who tried the case had all the testi-

mony before him, heard the testimony from the mouths of the witnesses, and his findings thereupon and his judgment must be sustained. The procured purchasers were ready, able, and willing to purchase, and did finally purchase and close the deal by paying the seller his price of $25,000.

Appellant listed his stock of merchandise with appellee to enable appellee to procure a purchaser, and appellee brought the matter to the firm of Franklin Bros., and discussed the proposition with them. They asked for the inventory price, which appellee procured for them. The purchasers advised that they would inspect the stock as soon as their brother, who was in San Antonio, arrived. Some time later their brother arrived, when they made an inspection of the property, and thereafter they accepted the proposition and closed the deal by paying the sum expressed.

While it is true that Mr. Alexander assisted (not at the invitation of appellee) in making the sale, this would not affect appellee's right to the commission. The rule is well settled, when a real estate broker is instrumental in bringing together the seller and purchaser on terms satisfactory to the seller and the trade is consummated, this constitutes the procuring cause and entitles him to the commission agreed upon. Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151.

The testimony supports the court's findings, and, as no error is assigned that calls for a reversal, the judgment of the trial court is affirmed.