## DICKINSON v. SANDERS.
### No. 1059.

Court of Civil Appeals of Texas. Waco.
May 14, 1931.

Mr. & Mrs. C. S. Bradley and J. E. & B. L. Bradley, all of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

ALEXANDER, J.

This suit was brought by W. L. Sanders against Mrs. Pearl Dickinson to recover a broker's commission alleged to be due plaintiff by the defendant for bringing about an exchange of defendant's property, consisting of some brick buildings in Coolidge, for certain land belonging to R. E. Perry. The plaintiff alleged an express contract for a commission of 2½ per cent. for bringing about an exchange of said property, and, in the alternative, sued in quantum merit for the reasonable value of his services. The case was submitted to a jury on special issues, and, on the answers of the jury thereto, the court entered judgment for the plaintiff for the sum of $750. The defendant appeals.

The jury found that the appellant knew that the appellee was engaged in the real estate business; that appellant employed appellee to find a trade for the property in question and agreed to pay him a commission of 2½ per cent. of the trade value of the property; that appellee was the procuring cause of the trade by which the property was traded to R. E. Perry; that appellant accepted the services of the appellee in bringing about the

trade, with full knowledge of the fact that appellee was engaged in the business of effecting sales and trades of real estate for a commission, and that the usual and customary commission for such services was 2½ per cent.

■ At the close of the testimony appellant requested an instructed verdict in her behalf, and here contends that the evidence was insufficient to show either that there was a contract of employment between appellee and appellant or that appellee was the procuring cause of the trade. The appellee testified that he had a conversation with the appellant in the Post Office building at Coolidge about June, 1930, with reference to finding a trade for her property. In this connection, he testified: "I asked Mrs. Dickinson if she would pay a commission, and she asked me how the commission went through trades. I told her the customary commission would be 5% for cash, and 2½ in trade, and she said go ahead and trade that stuff off." Later on, after the parties had been brought together and were about to complete the trade, appellee had another conversation with appellant, and he testified with reference thereto, as follows: " * * * Then Mr. Martin and Mr. Miller went around to look at the buildings and I just got into the car with Mrs. Dickinson, and Mrs. Dickinson asked me: 'What are you going to get out of this', and I said: 'I am going to get a customary commission', and then we discussed again about the five per cent and the two and one half per cent." There was other corroborating testimony not necessary to here mention. This evidence was sufficient to raise a question for the jury as to whether the appellant employed appellee and agreed to pay him a commission for bringing about a trade for her property.

■■ With reference to whether appellee was the procuring cause of the sale, it appears that a Mr. Miller and a Mr. Martin of Hillsboro were representing Perry in the sale or exchange of his land. The appellee immediately after his conversation with the appellant in the Post Office building got in touch with Miller and had him and Martin come to Coolidge for the purpose of inspecting the appellant's property. The appellee arranged a meeting between the appellant and Martin and Miller at the hotel in Coolidge and took the appellant to the hotel for that purpose. Martin first offered to trade another tract of land known as the Poindexter land, but finding that this involved too much money, that trade was abandoned. Martin then suggested trading the Perry land. The appellee took part in the interview and discussed with all parties the trade for the Perry land. It was then agreed by all parties that the negotiations might thereafter be carried on by Martin directly with the appellant in the event the appellee was not available to participate in the discussions. After sev-

eral weeks of negotiations, the trade was finally consummated. The testimony of the appellee to the above facts was corroborated by other witnesses. It is appellant's contention that, although appellee brought the parties together for the purpose of bringing about an exchange of appellant's land, since Martin was the first party to suggest an exchange for the Perry tract, Martin's act in suggesting the particular trade, and not the acts of the appellee in bringing the parties together, was the procuring cause of the trade. It is true that Martin first suggested the trade for the Perry land, but it was through the efforts of the appellee that the parties were brought together for the purpose of making the trade. We think the evidence was ample to support the findings of the jury that appellee was the procuring cause of the sale. Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151; Cruz v. Perkins (Tex. Civ. App.) 21 S.W.(2d) 1078. There being evidence in the record reasonably tending to support the verdict, this court is bound thereby. Crawford v. Beaver-Electra Refining Co. (Tex. Civ. App.) 273 S. W. 892; Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070, par. 18.

■ The appellant next complains of the action of the court in defining "procuring cause." The court defined this term as follows: "By the term 'procuring cause' as herein used is meant that cause which is a natural and continued sequence, unbroken by an independent intervening cause, producing the event without which it would not have occurred." We do not think there was any error in this charge. Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151, par. 1; Cruz v. Perkins (Tex. Civ. App.) 21 S.W.(2d) 1078 (writ ref.).

■■ The appellant objected to the following charge by the court: "When a real estate broker is instrumental in bringing together the seller and a purchaser who is acceptable to the seller and they consummate a sale and purchase of property on terms that are satisfactory to the seller, the agent is the procuring cause of the sale." Appellant's objection to this charge is not made clear by the brief. She seems to think that it would permit the jury to find that appellee was the procuring cause of the trade if they found that he brought the parties together for some other purpose and the parties afterwards discovered the possibilities of making the trade, and negotiated the trade themselves. While it is true that there may be circumstances in which the mere bringing together by the agent of the seller and the purchaser who afterwards make a trade would not be sufficient to constitute the agent the procuring cause, we think the charge must be construed as a whole and in the light of the facts and circumstances be-

fore the court and jury and not in the light of a supposed state of facts not raised by the evidence. Walcott v. Brander, 10 Tex. 419; St. Louis, S. F. & T. Ry. Co. v. Houze, (Tex. Civ. App.) 28 S.W.(2d) 865, par. 3; Moore v. Davis (Tex. Civ. App.) 16 S.W.(2d) 380, par. 3; M., K. & T. Ry. Co. v. Redus, 55 Tex. Civ. App. 205, 118 S. W. 208, par. 2. The purpose of the charge is to apply the law of the case to the facts in evidence. When the above charge is construed in the light of the testimony before the jury, we do not think that it could be misunderstood. The jury could only have understood that the appellee was the procuring cause of the trade in the event he first brought the parties together as seller and purchaser for the purpose of bringing about an exchange of the two pieces of property, and that he was the immediate cause of the negotiations that finally culminated in the trade.

Neither is the charge objectionable as violating the rule against the giving of a general charge when the case is submitted on special issues. The court had submitted the issue to the jury as to whether the appellee was the procuring cause of the trade. The charge as given was but a definition and an explanation of the terms used in the special issues as submitted. Revised Statutes, art. 2189.

The appellant complains of the action of the court in refusing to give her requested issue No. 3, as follows: "Did defendant, Mrs. Pearl Dickinson, know before she signed the written contract of date August 1st, 1929, for the exchange of her land, of plaintiff's connection, if any, with the procurement of such contract and that plaintiff expected her to compensate him therefor?" If the appellant actually employed appellee to bring about an exchange of her property and agreed to pay him a commission and he was the procuring cause of such trade, as was found by the jury, then it was immaterial whether she knew that he was the procuring cause of such trade at the time she signed the contract. Where a principal employs an agent to find a buyer for property and agrees to pay him a commission, and the agent procures such purchaser, the agent is entitled to his commission, even though the seller does not know at the time the deal is closed that the agent is the procuring cause of the sale. Graves v. Bains, 78 Tex. 92, 14 S. W. 256; McDonald v. Cabiness (Tex. Civ. App.) 98 S. W. 943, affirmed 100 Tex. 615, 102 S. W. 721; Bound v. Simkins (Tex. Civ. App.) 151 S. W. 572, par. 2; Miller v. Eldridge (Tex. Civ. App.) 286 S. W. 999, par. 1; Hill v. Huber (Tex. Civ. App.) 202 S. W. 785; Goodman v. Henck (Tex. Civ. App.) 295 S. W. 349, par. 3. Since the issue as requested was not a controlling issue, it was immate-

rial, and the court did not err in refusing to submit same. Blumrosen v. Burke, 37 S.W. (2d) 1070 (decided by this court February 19, 1931); Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199, 205; Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Rathbun v. Miller (Tex. Civ. App.) 266 S. W. 818.

The court in the concluding paragraph of the charge, instructed the jury as follows: "You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to their testimony; but you are not the judges of the law, and by this instruction you will be guided in making your answers to the special issues which are submitted to you in this cause." It is proper for the court to instruct the jury that they are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, but the law they are bound to receive from the court as given them in the charge and that they must be governed thereby. International & G. N. Ry. Co. v. Muschamp, 40 Tex. Civ. App. 358, 90 S. W. 706 (writ ref.); International & G. N. Ry. Co. v. Hays, 44 Tex. Civ. App. 462, 98 S. W. 911 (writ ref.). While the charge as given was perhaps not in as apt language as it should have been, we do not think the jury could have been misled thereby. West Texas Coaches, Inc., v. Madi (Tex. Civ. App.) 15 S.W.(2d) 170, affirmed (Com. App.) 26 S. W.(2d) 199.

Finding no error in the record, the judgment of the trial court is affirmed.