### SHEPARD v. WESSON.

No. 6355.

Court of Civil Appeals of Texas. Amarillo.

Dec. 21, 1953.

LaFont, Tudor & Tunnell, Plainview, Swaim Burkett, Dimmett, for appellant.

Cowsert & Bybee, Hereford, for appellee.

MARTIN, Justice.

This is an appeal from a judgment granting recovery of a real estate sale commission in the amount of $3,387.50. A jury in the trial court found "that N. L. Wesson, through his associates, was the procuring cause of the sale by F. L. Shepard of his land to R. J. James and E. M. James for $200 per acre and on the terms of the sale as made." The controlling issue on appeal is whether the evidence in the cause is sufficient to support this finding of the jury.

Appellee, N. L. Wesson, was a licensed real estate broker in Hereford, Texas, and his associate there was Glen Williams. Walter J. Smith, a licensed real estate agent of Dawson County, brought to Hereford, Texas, Wayne Maner who was interested in the purchase of land. Smith and Williams took Wayne Maner to Castro County and showed him the land belonging to appellant and priced it to him at $210 per acre. At the time of showing the land, Maner told Smith and Williams that if he could get help from his brother-in-law or father he was interested in buying land. At such time Maner also stated that his brother-in-law was interested in buying a piece of land.

Appellant was not at home the day the land was shown to Maner but Maner shortly thereafter brought his brother-in-law, R. J. James, to view the tract of land. It is appellant's theory, supported by testimony, that James merely came to advise Maner as to the elimination of Johnson-grass on the farm. After looking over the land with R. J. James, Maner told appellant that he was going to the mountains for a few days' vacation and would let him know about buying the farm on his return. R. J. James and Maner discussed the tract of land while they were on this short vacation trip in New Mexico. It is not revealed that the discussion was concerned solely with elimination of Johnson-grass on the farm. Following the short vacation trip Maner sent no word to the appellant but R. J. James and his brother, E. M. James, contacted the appellant at his farm and purchased the same for the sum of $200 per acre. Appellee claimed a commission alleging that his agency was the procuring cause of this sale to the James brothers. When the commission was not paid appellee entered suit which resulted in a judgment on his behalf in the amount above shown.

Appellee's theory as to his right to recover the commission from appellant is illustrated by the following testimony of his associate, W. J. Smith: "I showed Maner for him and his father and his brother-in-law, according to his words, he said they were interested." Although the material issues are controverted, appellant supported by testimony of his associates the fact that Maner was shown the land and at the time of the initial showing asserted that he would have to have his father or brother-in-law interested in the sale and that his brother-in-law was interested in the purchase of a piece of land. It is undisputed that R. J. James was the brother-in-law of Maner and that he went with Maner and looked the land over shortly after the same was shown to Maner. James testified that he did not know of the tract of land belonging to appellant and that he received all his information as to such tract of land being for sale through his brother-in-law, Maner, and that he went with Maner to look at the tract of land in regard to Johnson-grass thereon. James also went with Maner on the vacation trip to the mountains and there further discussed appellant's tract of land. At that time James had already heard the price and terms of sale discussed between Maner and the appellant. A disinterested witness, George Warner, testified that while he was looking at the land as a prospective purchaser appellant told him, "somebody else had been there and looked at it and was going to bring some relatives of his back in the next few days and that he felt sure that they would buy it." Maner testi-

fied that he was to let the appellant know about the sale on his return from the short vacation trip. On return from the trip, Maner did not contact appellant but R. J. James and his brother, E. M. James, went immediately to the farm of the appellant and purchased the tract of land. In drawing up the contract of sale the James brothers agreed to the contract provision in which they warranted "that no agent was involved or is involved in connection with this contract or the purchase of this land in any manner and agrees to save sellers harmless from any and all persons who might claim to be agents in the procuring cause of this sale".

Without further reviewing the lengthy statement of facts it is ruled that the evidence in the cause supports the jury finding that appellee, through his associates, was the procuring cause of the sale of appellant's land to R. J. and E. M. James. From the inception of the sale transaction, when Maner told appellee's associates that he would have to have his father or brother-in-law interested with him and that his brother-in-law was interested in buying land, until the final consummation of the sale by appellant to the James brothers, there is not a single intervening act or agency between the original showing of the land to Maner and the sale thereof some ten days later to Maner's brother-in-law.

The issue as to procuring cause does not rest solely on the fact that James went with Maner and looked over the land and that he received his information as to the land being for sale from no other source. The issue of procuring cause must rest on the proposition, as supported by evidence in the cause, that Maner, in looking at the land with appellee's associates, was not entering into the sale transaction wholly on his own behalf but that it was contemplated and understood between the parties that his brother-in-law was an interested party in the showing and sale of the land. "'* * * it is not necessary that the broker should negotiate the sale, when he has found, or procured, or if he

has introduced, or given the name of, a purchaser who is able, and ready, and willing to purchase the property upon the terms named by the principal and the principal has entered into negotiations with such purchaser, and concluded a sale with him; * * *.'" Keener v. Cleveland, Tex.Com. App., 250 S.W. 151, 152; Settegast v. Timmins, Tex.Civ.App., 6 S.W.2d 425, writ refused; Schebesta v. Stewart, Tex.Civ.App., 37 S.W.2d 781; Masters v. Hunt, Tex.Civ. App., 197 S.W. 219; Cruz v. Perkins, Tex. Civ.App., 21 S.W.2d 1078; Duncan v. Stevenson, Tex.Civ.App., 120 S.W.2d 305.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.