BROWN OIL TOOLS, INC., Appellant,

v.

Dallas W. BROUGHTON, Appellee.

No. 13893.

Court of Civil Appeals of Texas.

Houston.

Jan. 25, 1962.

Rehearing Denied Feb. 15, 1962.

Vinson, Elkins, Weems & Searls, Thomas B. Weatherly, Houston, Gaius G. Gannon, Jr., Houston, of counsel, for appellant.

Lee & Forbes, Thomas H. Lee, Arthur L. Forbes, Houston, for appellee.

COLEMAN, Justice.

Dallas W. Broughton, plaintiff in the trial court, sued Brown Oil Tools, Inc., for a commission of ten per cent on the purchase price of a lathe. After a jury trial, judgment was rendered for plaintiff against defendant, Brown Oil Tools, Inc., and this appeal followed.

Appellant's principal complaint is that there was no evidence, or insufficient evidence, to require the submission of the special issue relative to procuring cause to the jury, and that the answer of the jury to that issue is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Appellee pled that he was in the business of "brokering" machinery and that defendants contacted him to assist them with the location and purchase of machinery. He alleged that there was an express and implied agreement between the parties that he would receive as his commission ten per cent of the amount of the purchase price of any such lathe that he should locate for defendant and defendant should subsequently purchase.

Defendant filed a general denial and a special denial that plaintiff was the procuring cause of any sale of machinery "as outlined in plaintiff's petition."

It is undisputed that Broughton directed C. C. Brown, President of appellant company, to the premises of the Lawrence Machine Company to look at a lathe which Broughton thought Brown might buy. After inspecting the lathe Brown offered $15,-000.00 for it. This offer was refused. Brown told Lawrence that if he changed his mind to give him a ring. Broughton considered the deal dead and made no further effort to bring the parties together.

About two months later the Lawrence Machine Company wrote Brown Oil Tools, Inc. offering to sell the lathe for $15,000.00 if Brown would also buy some gauges for $1,962.00. This offer was accepted, and the sale was concluded without the knowledge of Broughton, who instituted this suit as soon as he learned of the purchase.

The jury found that Brown agreed to pay a 10% commission to Broughton on the lathe purchased from the Lawrence Machine Co. Appellee did not allege, and the proof negatives, a contract to purchase machinery on behalf of appellant. The contract was that appellant would pay a commission to appellee if appellee found machinery appellant needed and appellant was able to buy it on terms satisfactory to himself.

■ There was no pleading or evidence that plaintiff was requested to do more than he did to assist in the purchase. We do not consider the cases dealing with ordinary sales contracts between owners of property and brokers to be decisive of the question with which we are confronted here. In such cases the contract is to sell and, to recover, the broker must show that he was a procuring cause of the sale. Here the obligation of the broker is to find suitable machinery. His right to compensation depends on the consummation of a sale, but he has no duty or authority to purchase on behalf of his client. We do not consider that plaintiff had the burden to secure a finding that he was a procuring cause of the purchase. 8 Amer.Jur., Brokers, § 167, p. 1083; McNabb v. Woolfolk, 240 S.W. 1043 (Tex.Civ.App., writ dism., w. o. j.); Diebold Safe & Lock Co. v. Shelton, 192 S.W. 340 (Tex.Civ.App.); Culp v. Browne, 235 S.W. 675 (Tex.Civ.App.).

■ Appellant attaches great importance to the following testimony of appellee:

"Q. Now between the time you left Chickasha and the time later on when you were in Brown's shop in Houston and saw this machine, or saw that Mr. Brown had bought the machine, you had no dealings at all regarding that machine with either Lawrence or Brown, did you?

"A. None at all.

"Q. When you all left the Chickasha shop that afternoon, the deal, as far as you were concerned, it was off?

"A. I figured it was just as dead as if it was ready to be buried.

"Q. And you gave no more thought to it after that?

"A. I never did until I saw it and Mr. Brown bought it and of course, naturally that revived my interest in it."

It is his contention that this established as a matter of law that appellee was not the procuring cause of the sale. We do not agree. Appellee brought the parties together and as a result of this meeting and the brief negotiations, Lawrence made a counter offer which was accepted. The evidence amply supports the jury finding that appellee was the procuring cause of the purchase. Shepard v. Wesson, 266 S.W.2d 393 (Tex.Civ.App.); Keener v. Cleveland, 250 S.W. 151 (Com.App., Tex.).

■ Appellant also contends that the testimony quoted above establishes without dis-

pute that appellee abandoned the contract. Appellant did not affirmatively plead the abandonment of the contract as a defense in his answer. The defensive issue of abandonment was not raised in appellant's motion for new trial, and, while appellant raised the point in oral argument, no point raising abandonment as a defense is presented in his brief in this Court. Error, if any, in this respect has been waived by appellant's failure to properly preserve it and to properly present the point in this Court. Rule 374, Texas Rules of Civil Procedure.

■ The trial court awarded appellee the sum of $750.00 as a reasonable attorney's fee for prosecuting this suit. There was expert testimony that such a sum was a reasonable fee for the services rendered. There was no testimony to the contrary. No issue was submitted to the jury for their determination of what would be a reasonable fee. Appellant complains of this action of the trial court. In Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, the Supreme Court of Texas held:

> "The general rule is that it is the province of the jury to determine what is the reasonable value of an attorney's services, and that the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified. Hamman v. Willis, 62 Tex. 507; Dockery v. Johnston, Tex.Civ.App., 299 S.W. 505; Lile v. Sovereign Camp, W. O. W., Tex.Civ.App., 100 S.W.2d 1033; 5 Am. Jur., Attorneys at Law, Sec. 192, pp. 377, 378.

> \*    \*    \*    \*    \*    \*
> "There may be cases in which the expert testimony as to the value of an attorney's services is so free from inconsistencies, so thoroughly supported by undisputed facts in evidence, and so clearly in accord with knowledge and experience which the jury must have had and with the information obtained

by them on the trial, that the court would be justified in accepting that testimony as conclusive, \*    \*    \*."

We think this is such a case and, accordingly, hold that the action of the trial court complained of was not error.

Appellee has presented a cross-point that the judgment of the trial court was erroneous and should be reformed so as to allow recovery of interest from the date of the accrual of the cause of action to the date of judgment. Appellee's pleading contained a prayer for interest and he requested that interest be allowed in his motion for judgment. However, appellee filed no motion for new trial pointing out the omission of interest as damages in the judgment, and failed to preserve the error, if any, by excepting to the *judgment* entered. Rule 373, T.R.C.P., provides:

> "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

While it does not appear that appellee made known to the court his objections to the judgment and grounds therefor, he did make known to the court the action he desired the court to take.

■ Rule 324 T.R.C.P., provides:

> "In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; \*    \*    \*.    A motion for new trial shall not be necessary in behalf of appellee

where he does not complain of the judgment or a part thereof."

Since appellee is complaining of a part of the judgment, he was required to file a motion for new trial. In West Texas Utilities Company v. Irvin, 161 Tex. 5, 336 S.W. 2d 609, the Supreme Court of Texas reversed the action of the Court of Civil Appeals in reforming the trial court's judgment so as to allow additional interest, saying:

"We have concluded that the respondents' cross assignments of error cannot be considered in this cause because the respondents never made any complaint in the trial court as to the judgment entered. The trial court, in as case such as we have before us, must be apprised of any complaint or objection the successful party has to the judgment."

The cross-point must be denied. Plasky v. Gulf Insurance Company, 160 Tex. 612, 335 S.W.2d 581.

The judgment of the trial court is affirmed.