**MID–TEX CONSTRUCTION CORPORA-
TION, Appellant,**

v.

**A. S. PASSERO, Appellee.**

**No. 5938.**

Court of Civil Appeals of Texas.

El Paso.

June 26, 1968.

Rehearing Denied July 24, 1968.

Hardie, Grambling, Sims & Galatzan, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellee, as plaintiff, recovered judgment against appellant for the return of earnest money which he had paid to appellant under a contract of sale of real estate. Trial was to the court without a jury, findings of fact and conclusions of law were filed by the trial judge, and certain requested additional findings were refused. We are of the opinion that the judgment should be affirmed.

Appellee was the purchaser and appellant was the seller, and the parties will be referred to as "purchaser" and "seller", as they were so designated in their written contract.

The contract provided for the purchase of 100 lots out of Terrace Hills Addition in El Paso County, which addition was only on paper at the date of contracting (November 12, 1958), but was to be created out of a larger tract of 410 acres. The seller was to subdivide the larger tract to comply with the terms of the contract in a manner acceptable to the F.H.A. and the City of El Paso, and purchaser was obligated to build houses of a specified minimum size and value. Purchase price was $1,750 for each lot, for a total of $175,000.00, which the contract recited was payable as follows:

"(a) Earnest money in the sum of $8,-750.00 cash paid by Purchaser to Seller, the receipt of which is hereby acknowledged by Seller to bind this Contract of Sale.

"(b) The balance of $166,250.00 being due and payable as follows: (1) The sum of $43,750.00 due and payable on ,or before January 10, 1959. (2) The sum of $43,750.00 due and payable on or before July 10, 1959. (3) The sum of $43,750.00 due and payable on or before January 10, 1960. (4) The sum of $35,000.00 due and payable on or before July 10, 1960."

"II.

"Upon the payment of each installment hereunder the Seller agrees to convey to the Purchaser 25 lots out of said Addition * * *."

The first installment was met and conveyance made of 25 lots on January 29, 1959, and the purchaser built eleven houses thereon for resale. The second installment and conveyance due July 10, 1959 was never completed, and the end result was the filing of this suit by the purchaser for return of the earnest money. Seller's efforts to complete this second transaction were first met by the purchaser's request for additional time and mention of lack of development, followed by his silence, and on October 7th, his complaint that the seller had not done certain paving of access roads nor applied to the City Planning Commission for same; and finally, by letter of October 19, 1959, his assertions that the seller was in default under their contract and requesting return of the earnest money. As indicated, the seller was obligated to make the subdivision in a manner acceptable to the F.H.A. and the City of El Paso. The map and plat of the subdivision was to be approved by the City, and the contract provided:

"The price of the lots shall include rough grading, City of El Paso water main and sewer taps to the curb, street paving and curb in front on said lots, it being the intention of the parties herein that the Purchaser is to be conveyed completed F.H.A. approved building sites * * *

\*   \*   \*   \*   \*   \*

"Seller agrees to furnish at its own expense grading of lot, as aforesaid, curb, gutter, paving, and installation of water and sewer lines to curb, and other utilities by the time each deed is to be delivered hereunder. Lots shall be staked by Seller by a licensed surveyor."

Plaintiff-purchaser by this suit alleged that the seller was in default on July 10, 1959, in that water and sewer lines to curb had not been installed for each lot, and paving had not been installed, and the seller being in default was precluded from retaining the earnest money. The trial judge found that the seller was in default in those particulars, that he was in default as to seven lots of the first increment of January, 1959, and that he was in default at all times material to the contract, and the purchaser was not in default. These findings are supported by the evidence.

■ By his first point of error, appellant urges that the evidence shows that the purchaser had abandoned the contract. We overrule this contention, for it was not raised by the pleadings, and since it is a "matter constituting avoidance", as it is sought to be employed here, it is an affirmative defense which under Rule 94, Texas Rules of Civil Procedure, must be specially pleaded. Vratis v. Baxter, 315 S.W.2d 331, ref. n. r. e.; Brown Oil Tools, Inc. v. Broughton, 353 S.W.2d 505, ref. n. r. e.

The assignment is made that the court erred in finding that the seller was in default after January 10, 1959, for the reason that the purchaser knew when he accepted that first increment of 25 lots that they were not complete with sewer and water outlets. This would seem to be immaterial and not a controlling issue which would affect the judgment rendered whether we passed on it or not; hence it will not be discussed.

■ As to the second increment of lots due to be conveyed and paid for "on or before July 10, 1959", the evidence is that the seller tendered a deed of them to the closing title company, on July 7th, to which the purchaser replied by letter directly to the seller requesting additional time, and stating, "Too, by then you will have all the utilities and streets in." There followed a period of time in which the deed remained with the title company and the seller made overtures to consummate the matter, suggesting a note to cover the installment and some form of extension agreement, as to which the purchaser remained silent, and thereafter the seller requested and obtained return of its deed. The purchaser testified that he was stalling during this time to see if the seller would meet his commitments as to the utilities and paving. By letter dated October 19, 1959, the purchaser complained of the seller's failure in certain of these regards, and requested the return of the earnest money; and on October 24, 1959, seller formally notified the purchaser by registered mail that he, the purchaser, was in default under their contract. The trial court found as a fact, and the record so reflects, that the seller did not fully and finally complete the development work on the second increment of lots until November, 1959, the date that the street paving was completed. The record also shows that prior to that time the seller's deed had been withdrawn by him, and that after that time no deed was ever submitted or tendered by it. Bearing in mind that this is not a suit for specific performance, but is one solely to adjudicate the right to retain earnest money, the correctness of the judgment is established by the facts that the seller was itself in default; that, after correcting such situation, it made no tender of a deed nor demand for performance but, in fact, prior to completing performance, declared the purchaser in default; also, the seller's "right to retain" or forfeit the earnest money arises in the event of the failure or refusal of the purchaser to perform. As noted earlier, the contract provided that the seller was to deliver completed F.H.A. approved building sites—curb, gutter, paving and installation of water and sewer line —"by the time each deed is to be delivered

hereunder". The right to retain the earnest money is set forth in paragraph IX of the contract:

"Subject to the provisions of paragraph XII hereof, in the event the Purchaser should fail to consummate this Contract as specified for any reason except title defects and/or in the event the Purchaser should breach any term, covenant, or condition in this Contract and such default continue for a period of ten (10) days after notification by the Seller to the Purchaser by Certified Mail of such default, Seller at its option may retain as liquidated damages for such failure or breach the cash sums theretofore deposited with Seller as a down payment on any and all increments of lots and terminate this Contract in its entirety; * * *."

The referred-to "paragraph XII" provided in part:

"Notwithstanding the provisions of paragraph IX hereof to the contrary, neither party hereto shall be liable to the other for failure to perform where such failure is not due to the negligence of the party in default and is caused by factors beyond the control of party in default, including but not limited to * * *"

Appellant says the judgment is erroneous for the reason that the purchaser failed to plead or prove that negligence on the part of the seller or that any other cause within the seller's control caused any alleged failure by the seller to perform. We fail to see this as a burden of the plaintiff-purchaser, but see it as an exception which either party could have invoked in avoidance of his alleged default. The right to retain the earnest money being predicated on the purchaser's default, the provision would seem to work to his advantage had it been invoked.

We have examined all points of error, and being of the opinion that all should be overruled, the judgment of the trial court is affirmed.