TEXAS FINANCE INSTITUTE and Texas
Finance Conference, Appellants,

v.

NATIONAL BANKERS LIFE INSURANCE
COMPANY and Girard Life Ins. Co.
of America, Appellees.

No. 4946.

Court of Civil Appeals of Texas,
Waco.

Dec. 17, 1970.

Shank, Irwin, Conant & Williamson, A. B. Conant, Jr., Dallas, for appellants.

Hultgren, Vaughan, Jewell, Kolb & Ivy, Edward J. Kolb, Walker, Choate & Walker, James Walker, Dallas, for appellees.

## OPINION

WILSON, Justice.

Plaintiff-appellants, to whom group policies of life insurance were issued or assumed by defendant-appellees, sued to recover sums alleged to be due them as third-party beneficiaries under a written contract. Both sides filed motions for summary judgment. That of appellees was sustained; that of appellants was overruled. In our opinion both motions should have been overruled.

The amended petition alleged plaintiffs are third-party beneficiaries under a contract dated September 30, 1965 consisting of a letter written to an insurance agency signed by the insurer's vice-president, agreed to by the agency. The letter stated it was "a resume of the changes that will be applicable to the subject group November 1, 1965, as a result of conversations and correspondence between your agency and the group Department of National Bankers Life Insurance Company."

The letter included paragraph IV:

"A flat six percent (6%) of the monthly premium will be paid to your agen-

cy on all business. In addition, it is agreed that 3% will be paid to the Association. It is assumed that should the Texas Finance Conference be included in the Group Program that the 3% will be paid to both Associations proportionately, based on the monthly premium generated by each Association."

Plaintiffs sought judgment for 3% of the premiums paid by members of groups covered by group policies issued to them.

The insurers' motion for summary judgment asserted the letter was only an agreement relating to terms to be later included in the group insurance policies issued November 1, 1965; that the only rights resulting to plaintiffs was the right to demand defendants make a contract with them; that any cause of action accrued November 1, 1965, and since the suit was not brought until more than four years thereafter it was barred by limitation; that the 3% of premiums provided in the contract constituted an illegal rebate or a commission to plaintiffs who were not licensed insurance agents.

Plaintiffs filed affidavits which state the percentage of premium allowance was to compensate them for advertising and promotion expense in connection with the group policies in accordance with usual practice; that the letter agreement is "the repository" of agreements for changes in group policies negotiated by the agency. The summary judgment proof did not negative existence of fact issues as to the nature of the 3% payments.

■, The letter agreement contained a provision for cancellation; hence, urge the insurers, it was encumbent on the policyholders to allege that the agreement "was in full force and effect", and appellants had complied with its terms. These constitute matters of avoidance or affirmative defense which were not available to defendants unless affirmatively pleaded, and which they did not plead. They may not rely on plaintiffs' failure to plead them.

Rule 94, Texas Rules of Civil Procedure; Mid-Tex Const. Corp. v. Passero (Tex.Civ.App., 1968, writ ref. n.r.e.), 430 S.W.2d 515; Vratis v. Baxter (Tex.Civ.App., 1958, writ ref. n.r.e.), 315 S.W.2d 331, 340.

■ Existence of an issue of fact as to whether the policyholders approved the provisions of the letter contract is not negatived as a matter of law. The letter agreement provides that if the changes are approved "a new master policy and certificates will be issued as being effective November 1, 1965", on a new application. It was issued effective on that date upon a new application.

Neither does the proof establish as a matter of law that plaintiff's cause of action is barred by limitation. The contract on its face does not establish the bar, and the time at which the cause of action accrued, and even the nature of the cause of action present fact issues under the record.

The existence of fact issues also precludes rendition of summary judgment for appellants.

The judgment overruling appellants' motion for summary judgment is affirmed. The summary judgment for defendants is reversed and the cause remanded. Costs are adjudged against appellees.